Incorporation of Linton Borough.    Appeal of ·George
Renten et al.

*Borough—Incorporation of—Prescribed conditions essential.*

·: Under the Act of June 26, 1895, P. L. 389, the court of quarter ses-
sions has no authority to decree the incorporation of a borough unless it
shall find that the conditions prescribed by law have been complied with
and shall believe that it is expedient to grant the prayer of the applicants.

*Borough incorporation a public duty—Estoppel inapplicable.*

Proceedings for the incorporation of a borough are not in the nature
of a private litigation; the court has a public duty which no action of a
portion of the community, no matter how large, can excuse it from per-
forming.    The doctrine of estoppel or implied waiver has no application
to such a case.

. *Borough incorporation—Defective notice fatal.*

Where the court has refused an application for the incorporation of
a borough because the conditions as to public notice prescribed by the Act
of June 26, 1895, P. L. 389 have not been complied with it is not ground
for reversal that the exceptants appeared and filed exceptions, and there-
fore were not harmed by the omission; non constat that the exceptants
were all the persons interested who would have appeared and opposed the
incorporation if legal notice had been given.

. Argued April 27, 1897.    Appeal, No. 154, April T., 1897, by
George Renten et al., from decree of Q. S. Allegheny Co.,
1895, No. 29, refusing petition for incorporation of a borough.
.Before Rice, P. J., Willard, Wickham, Beaver, Reeder,
.Orlady and Smith, JJ.    Affirmed.

Petition for incorporation of the village of Castle Shannon.
Before Slagle, J.

On July 20, 1895, a petition was filed in due form for the
incorporation of the village of Castle Shannon into the borough
of Linton, and an order made referring the petition to the grand
jury.

On August 31, 1895, George Smith and others filed excep-
tions.

On September 7, 1895, proofs were filed that the following
notice appeared in the Pittsburgh Leader, on August 3, 5, 6, 7,
8 and 9, and in South Pittsburger, a weekly paper, August 10,
17, 24 and 31, to wit: "Notice is hereby given that a petition was

presented on July 20, 1895, to the court of quarter sessions of Allegheny county, Pa., by George Renten et al., for the incorporation of a portion of Baldwin, Scott and Bethel townships, said county, including Arlington and Grove Stations, to wit: the village of Castle Shannon, into a borough."

On the 28th of September, 1895, the original petitioners filed a petition in which was set out the fact that the original petition had been filed; that an order had been made submitting it to the grand jury; that, on the 26th day of June, 1895, a law had been enacted abolishing the law requiring the grand jury to pass on the petition, and requiring the court to investigate the matter, and prayed that the order submitting the petition to the grand jury be revoked, and that an order be made fixing the time and place when and where the court would hear the evidence.

On the 28th day of September, 1895, on the presentation of the petition, the court made an order revoking the order submitting the petition to the grand jury, and fixing the place for the hearing, criminal court No. 2, and the time upon the argument list of the present term.

On the 14th day of December, 1895, on the application of the petitioners to the court to fix a time and place for hearing the matter, the counsel for the exceptant, at bar, raised the following exceptions to such hearing.

First. That the act of 1895 is unconstitutional, because it is an amendment to the acts of 1834 and 1871, and confers powers on the court which have been exercised by the grand jury.

Second. That having given notice under the acts of 1834 and 1871, it is not within the power of the petitioners by a mere notice to change the purpose.

Third. The notices are insufficient, because they give no information of such purpose.

Fourth. That the court, under the act of 1895, has no right to exercise the powers conferred except during the term next succeeding the filing of the petition.

Fifth. That the notices published in the "Pittsburgh Leader" and "South Pittsburger" were not published frequently enough to meet the requirements of the act of June 26, 1895.

On February 24, 1896, the court refused to proceed with the hearing, sustaining the last four of the above exceptions, and

**38** LINTON BOROUGH.

Statement of Facts—Opinion of the Court. [5 Pa. Superior Ct.

suggested that perhaps the first exception should be sustained also, and filed an opinion.

On November 25, 1896, the court made an order adjudging and decreeing that the petition for hearing, etc., be dismissed at the cost of petitioners, for the reasons given in the opinion heretofore filed.

Petitioners appealed.

*Errors assigned* were (1–5) In not overruling exceptions one to five. (6) In not finding the act of June 26, 1895, constitutional. (7) In finding that " the notices are insufficient because they are inconsistent with the record as it then stood, and were not made under direction of the court." (8) In finding " that the power of the court is exhausted." (9) In not finding that the notices in the Pittsburgh Leader and South Pittsburger met completely the requirements of the act of June 26, 1895. (10) In not finding the proceedings were regular. (11) In making the following order, to wit: And now, November 25, 1896, this matter having been fully heard and considered by the court, for the reasons given in the opinion heretofore filed, on motion of J. McF. Carpenter, attorney for exceptants, it is now ordered and adjudged and decreed that the petition for hearing, etc., be dismissed at the cost of petitioners.

*W. I. Craig*, for appellants.—Whether the proceedings in this case are regular depends on whether the act of 1895 is constitutional. The part of the old law that is displaced by the new is, in effect repealed, and is not a part of the portion amended: Stuart's Appeal, 163 Pa. 216; People v. Mahaney, 13 Mich. 481, 496.

The advertisements were sufficient and legal; Jeannette Borough, 129 Pa. 567 ; Camp Hill Borough, 142 Pa. 511.

*J. McF. Carpenter*, for appellees.—Relied on Barrett's Appeal, 116 Pa. 486.

OPINION BY RICE, P. J., July 23, 1897 :

The court of quarter sessions has no authority to decree the incorporation of a borough unless " it shall find that the conditions prescribed by law have been complied with and shall be-

lieve that it is expedient to grant the prayer of the applicants : ”
Act of June 26, 1895, P. L. 389. One of these conditions is
that public notice of the application shall be given in one news-
paper of the proper county for a period of not less than thirty
days immediately before the next regular term following the
presentation of such application and the filing thereof. Where
the court has refused the application because this condition has
not been complied with it is not ground for reversal that the
exceptants or remonstrators appeared and filed objections, and
therefore were not harmed by the omission. For it is not cer-
tain that they are all the persons interested who would have
appeared and opposed the incorporation if legal notice had been
given. Conceding that the persons appearing and contesting
the application might estop themselves from objecting to the
mere form of a notice duly published for the requisite length
of time (Edgewood Borough, 130 Pa. 348; Camp Hill Borough,
142 Pa. 511 ; Taylor Borough, 160 Pa. 475 ; but see also Os-
borne Borough, 101 Pa. 284), they could not, by the most formal
waiver, preclude the court from inquiring into the sufficiency
of the notice and refusing its approval of the application for
want of publication thereof as prescribed by law. This is not
in the nature of private litigation ; the court has a public duty
which no action of a portion of the community, no matter how
large, can excuse it from performing. As the case is presented
the doctrine of estoppel or implied waiver has no application.

The only notice we need consider is that published after the
petition was filed. This simply stated that on July 20, 1895, a
petition had been presented to the court of quarter sessions for
the incorporation of certain described territory into a borough ;
but gave no information as to the time when the application
would come on to be heard. Assuming that it was sufficient
to put a person interested upon inquiry, he would have found,
upon going to the record, that the petition was drawn under
the act of 1834, and prayed for a reference of the matter to the
grand jury, and for a decree of incorporation provided that body
should certify to the court that the provisions of the acts of as-
sembly in such case made and provided had been complied with,
and that it was expedient to grant the prayer of the petitioners.
He would have found, also, that an order had been made refer-
ring the matter to the grand jury at the next (September) term

of court, and that this order stood unrevoked at the beginning of said term.    He would have been justified in presuming from the form of the petition and the state of the record that the petitioners and the court intended to proceed under the prior acts and in disregard of the provisions of the act of 1895, and that he could safely await the action of the grand jury.    Construed in the light of the record the advertisement did not give notice to the public that the court would proceed at the next term of court to make an investigation of the case in the manner prescribed by the act of 1895.    It was as misleading as if it had stated in so many words that the application had been filed and would be investigated by. the grand jury at the next term of court.    This was not the notice contemplated by the act of 1895, and the public were not bound to know or to presume that at some subsequent term, no matter how distant, the court might investigate the case and make a decree.    When September term came without any previous revocation of the order of reference to the grand jury or other notice than that to which we have referred, the public had a right to presume that the character of the proceeding was fixed and would not be changed to a proceeding under the act of 1895, of which they had had no notice. And when September term passed without any hearing by the court or the grand jury and without an order continuing the case, they had a right to presume that the proceeding was dead and would not be resuscitated at some succeeding term.    If the order of September 28th, revoking the reference to the grand jury had been made at the time the notice was published a different case would be presented, concerning which we need express no opinion.    Under the circumstances of this case the court was clearly right in holding that it had no authority at December term to proceed to a hearing and to make the decree prayed for.    The constitutionality of the act of 1895 has been considered in the case of the Borough of Emsworth, 5 Pa. Superior Ct. 29.

The decree is affirmed and the appeal dismissed at the costs of the appellants.