# Morton Borough.

*Borough incorportion—Appeal after time limit.*

The appellate court will not reverse a decree incorporating a borough made by a court of competent jurisdiction, on appeal from an order dismissing a petition to vacate it filed after the time for appeal had gone by. The legislature has provided a mode for the correction of errors in such proceedings, and has prescribed the time within which it must be resorted to, if the decree is to be set aside. Wayne Borough, 12 Pa. Superior Ct. 363, distinguished and affirmed.

Argued Nov. 22, 1900. Appeal, No. 180, Oct. T., 1900, by Lavinia T. Davison, from order and decree of Q. S. Delaware

County, discharging rule to show cause why the decree made by the said court on June 6, 1898, incorporating the town of Morton into a borough should not be vacated.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.   Per Curiam.

Rule to show cause why the decree incorporating the town of Morton into the borough of Morton should not be vacated. Before JOHNSON, P. J.

The facts sufficiently appear from the opinion of the court below discharging the rule:

This is an application to set aside a decree of the court, incorporating a borough nearly two years after it is made, and nearly two years after the borough had completed its organization, held elections, levied taxes, adjusted rights and liabilities between it and the township from which it was separated, and passed ordinances in which itself and others may have incurred obligations and responsibilities ; and in which the school district of the borough created by the same decree had not only adjusted its liability with the school district of Springfield, but had issued bonds therefor.   Nothing but the most imperative necessity should move a court to thus interfere with such a decree.   Does such a necessity exist here ?   We think not.

According to the answer, which is not denied, the petitioner was not only a party to the proceeding to incorporate the borough, but the decree was made upon her petition.   This might not have estopped her or those who join with her from appealing to an appellate court and having every question now raised inquired into and passed upon.

Had she and those who join with her in this application, promptly appealed, the technical objections that are now made to the decree, might have availed them.

On June 6, 1898, when this decree was signed by Judge CLAYTON, she and those who join with her in this application knew their property was in the limits of Morton borough.   If they intended to question its legality, they should have done so within the time provided by law.

They did not choose to, but stood by, allowed the borough to be organized, levy taxes, pass ordinances, begin and carry

to conclusion proceedings for adjustment of indebtedness between it and the township and between the school district and the school district of the township of Springfield to enter into contracts and assume liabilities.

Then after two years have passed away, ask the court for a reason that is without merit, and one not urged against the decree at the time it was made, to set it aside.

It is too late. Rule discharged and petition dismissed.

Lavinia T. Davison appealed.

*Errors assigned* were (1) in discharging the rule to vacate the decree of quarter sessions of Delaware county. (2) In refusing petition of appellant for said rule.

*Albert E. Peterson,* with him *J. N. Shanafelt,* for appellant.—
The court below was without authority to refer the proceedings to incorporate the borough of Morton to a master, and without such authority the decree of incorporation was void, and if void, the court erred in discharging the rule, and such error is reviewable by the appellate court.

The manner in which the jurisdiction of the court of quarter sessions of the peace to incorporate boroughs is to be exercised, is pointed out in the Act of June 26, 1895, P. L. 389, sec. 1, and 3 Pepper & Lewis's Digest, 39, pl. 1.

The act confers no authority upon the court to refer the application to a master and a decree founded upon his report is without authority of law, irregular and void: Linton Borough, 5 Pa. Superior Ct. 36; Wayne Borough, 12 Pa. Superior Ct. 363; Wayne Borough, 12 Pa. Superior Ct. 372.

*Francis F. Eastlack, Jr.,* and *O. B. Dickinson,* for appellee.—
It is submitted that an appeal does not lie at this time for either of the causes of error alleged, and cannot be sustained.

An appeal or certiorari to review a final decree of the court of quarter sessions incorporating a borough taken more than twenty days after the date of the decree and by less than three persons aggrieved thereby should be quashed : Deniston's Appeal, 9 Pa. Superior Ct. 212; Wilkinsburg Boro., 131 Pa. 365.

It is not the intendment of the statute to allow a writ of error after the decree has become irreversible by lapse of time,

and the money has been paid accordingly by order of the court: Providence Steam, etc., Co. v. Chase, 108 Pa. 319; Salem Twp. Road, 103 Pa. 250.

The position of the appellant is the same as if there were no statutory right of appeal. The quarter sessions were and, it is submitted, this court is without jurisdiction.

Where there is no right of appeal the Supreme Court has no authority and cannot assume jurisdiction: Gangewere's Appeal, 61 Pa. 342.

The cases cited by appellant do not support the view that the decree in this case is void.

The question is not, had the court authority to appoint a master, but had the court any jurisdiction to decree incorporation under the petition filed?

The decree as it stands is regular on its face.

This decree having been regularly entered, recorded and not appealed from, stands firm and stable forever, and cannot now be disturbed or impeached in any manner whatsoever.

Every presumption is indulged in favor of the legal existence of a corporation after it has gone into operation: Dunning v. New Albany, etc., R. R., 2 Ind. 437.

PER CURIAM, December 10, 1900:

After a careful consideration of the arguments of the appellant's counsel and of the authorities cited by them, we are unanimous in the opinion that the decree incorporating the borough of Morton is not void. It was entered by a court of competent jurisdiction, and on appeal from an order dismissing a petition to vacate it, filed after the time for appeal had gone by, every presumption in favor of its validity is to be made. There is a manifest difference between the decree of incorporation entered in the case and that considered in Wayne Borough, 12 Pa. Superior Ct. 363, 372; but in calling attention to this difference we are not to be understood as qualifying what we said in those cases as to the propriety of referring a petition for the incorporation of a borough to a master for investigation, and giving to his report the weight, which, in Pennsylvania prior to the present equity rules, was given to the report of a master in chancery. There is no warrant of law for this mode of procedure, but there was nothing said or even

intimated in that decision to warrant the inference that we deemed the decree absolutely void, a thing which conferred no rights and imposed no obligations, which any one could treat as a mere nullity, and any one interested could have stricken from the record at any time, no matter how remote, that he might see fit to move therefor. It would be contrary to sound principle to hold that a decree entered by a court having jurisdiction of the person and the subject-matter may be so treated merely because the proceedings were irregular, or because it was based on incompetent evidence, or because it is inferable from the record that the judge who entered it erroneously took into consideration the report of a master upon the questions of law and of fact involved. The consequences of so holding in a proceeding of this kind would be intolerable, as is clearly shown in the opinion of the learned judge of the court below. The legislature has provided a mode for the correction of such errors, and has prescribed the time within which it must be resorted to, if the decree is to be set aside. After that time had been allowed to expire, without any action, and the term at which it was entered had ended, neither the court that entered it, nor this court could treat the decree as a mere nullity and summarily strike it from the record.

Thus viewing the case, it is unnecessary to consider the questions raised by the motion to quash the appeal. We are all of opinion that the court below was clearly right in refusing the appellant's motion.

The order of August 13, 1900, discharging the rule to show cause granted June 4, 1900 is affirmed, and the appeal is dismissed at the costs of the appellant.