GEORGE SCHADE v. AUGUST THEEL *et al.*

LOCATION OF HIGHWAY — *Sufficient Petition.*  Where a petition for the appointment of viewers to view, lay out, and locate a public road, shows upon its face that it is signed by more than twelve householders of the county, and the prayer of the petition is granted, and the road is viewed and located, and a report of the viewers made to the county board, and the county board approves the report and orders the road to be opened, *held,* that the petition and the proceedings following will be considered valid, although the county board did not make an express finding that the signers of the petition were householders. (See also Laws of 1885, ch. 16.)

*Error from Wabaunsee District Court.*

THE opinion states the case.

*J. F. Peffer,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: The controversy in this case is, whether
or not a certain road in Wabaunsee county is a legal highway
or not.  It appears that on or about October 2, 1874, a pe-
tition for the appointment of viewers to view, lay out and lo-
cate a certain public road was presented to the board of county
commissioners of Wabaunsee county, and on November 7,
1874, the petition was "taken up and granted," and three
viewers were appointed for the above purpose.  It appears
that these viewers met at the proper time and place, viewed
and located the road, and made a report of their proceedings
to the county board.  On January 4, 1875, the report was
"taken up, report approved and roads ordered opened" by
the county board.

The principal objection to the legality of the road as a pub-
lic highway is, that it does not appear from the records of the
county board that the petition for the appointment of the
viewers and location of the road was signed by twelve house-
holders, as required by law. (Gen. Stat. of 1889, ¶ 5474.)
Now, as the petition itself shows that more than twelve per-
sons signed the same, and states that they were "residents and
householders" of Wabaunsee county, and as the county board
granted the petition, appointed the viewers, and afterward ap-
proved the report of the viewers and ordered the road to be
opened, we think it may be fairly said that the records of the
county board show that the petition was signed by the requi-
site number of householders as required by law, and that the
petition itself was a legal and valid petition. (*Howell v. Red-
lon*, 44 Kas. 558; same case, 24 Pac. Rep. 1109.)

Another objection is made to the legality of the aforesaid
road, upon the ground that the petition asked for two separate
and distinct roads.  Such is not shown to be the fact, how-
ever.  From the petition and the entire proceedings we would
think that the supposed two roads were in fact only one road.
Besides, there being no substantial irregularities in the estab-
lishment of the aforesaid road, but only slight irregularities,

if irregularities at all, it must be considered that the act of the legislature approved March 7, 1885, (Laws of 1885, ch. 16, p. 13,) legalizing certain roads and highways of Wabaunsee county, cures all defects and renders the aforesaid road and the record thereof legal and valid in every respect.

The judgment of the court below will be affirmed.

All the Justices concurring.