THE STATE OF KANSAS, *ex rel. L. C. Boyle*, Attorney-General, v. F. M. BILBY *et al.*

No. 10953.

CITIES OF THIRD CLASS — *Contents of Order of Incorporation.* It is essential to a valid order of the board of county commissioners incorporating a city of the third class that it show findings by the board that a majority of the taxable inhabitants of the town are in favor of such incorporation, that the number of inhabitants exceeds 250 and does not exceed 2000, and that the order designate the metes and bounds of the city as established by the board. An order of incorporation which does not contain any of these essentials is insufficient.

Original proceedings in *quo warranto*. Opinion filed January 7, 1899. Judgment for plaintiff.

*L. C. Boyle*, attorney-general, and *J. D. McFarland*, for The State.

*L. C. Uhl*, for defendants.

The opinion of the court was delivered by

ALLEN, J. : This is an original proceeding brought in this court for the purpose of testing the validity of the incorporation of the city of Kensington, in Smith county. The defendants assume and claim the right to exercise the functions of officers of Kensington as a city of the third class. On the 7th day of October, 1892, the board of county commissioners of Smith county acted on a petition praying for the incorporation of the city, and caused a record of their proceedings to be made and entered on their journal in the following form :

"Commissioners proceedings, regular session, one o'clock P. M., October 7, 1892.

'PETITION TO INCORPORATE KENSINGTON.

'*To the honorable board of county commissioners of Smith county, Kansas :*

'GENTLEMEN—We, the undersigned, legal electors of the town of Kensington, county of Smith and state of Kansas, respectfully repre-

The State v. Bilby.

sent that said town of Kensington is included within the metes and bounds to wit: (Here follows description by metes and bounds.) We further represent that the number of inhabitants in said town is over two hundred and fifty (250), and we respectfully petition your honorable body to order and declare said above-mentioned town incorporated as a city of the third class by the name and style of "The City of Kensington," and that you designate in order the metes and bounds thereof, and further your petitioners ask not.'

"The board finding the above petition legal and reasonable, and signed by a majority of the taxpayers, and that the same was published for three consecutive weeks in the Kensington *Mirror*, order and declare it a city of the third class by the name of ' The City of Kensington.' " ( Then follow provisions for the first election of officers.)

The only question we find it necessary to consider in determining the case is whether the order of the board of commissioners is sufficient under the statute. The attempt to incorporate Kensington was made under section 3 of chapter 38, General Statutes of 1897, which is as follows :

" § 3. Whenever a petition signed by a majority of the electors of any unincorporated town or village within the state shall be presented to the board of county commissioners of the county in which such town or village is situated, setting forth the metes and bounds of their village and commons, and stating as near as may be the number of the inhabitants of such town or village, and praying that such town or village may be incorporated as a city, with satisfactory proof that such petition has been published in full in some newspaper printed in said town or village at least once in each week for three consecutive weeks, and such board of county commissioners shall be satisfied that a majority of the taxable inhabitants of such town or village are in favor of such incorporation, and that the prayer of the petitioners is reasonable, and that the number of the inhabitants of such town or village exceeds 250 and does not exceed 2000, such board of county commissioners may, at any regular session thereof, by order reciting the substance

of such petition, and the due publication thereof, and their finding that a majority of the taxable inhabitants of such town or village are in favor of such incorporation, and that the prayer of the petitioners is reasonable, and that the number of the inhabitants of such town or village is within the limits hereby required, declare such town or village incorporated as a city of the third class by the name and style of 'The city of ———' (naming it), and designating in such order the metes and bounds thereof; and thenceforth the inhabitants within such bounds, and such further territory as from time to time may be lawfully added thereto, shall be a body politic and corporate by that name, and they and their successors (except such corporation be lawfully dissolved) shall have perpetual succession." (Gen. Stat. 1889, ¶ 923.)

It will be observed that the statute is quite explicit in its directions as to what shall be contained in the order. It must recite the substance of the petition. In this case it appears to be copied in full, which is, of course, sufficient. It must recite the due publication thereof. We do not care to say whether it is sufficient or not in this respect. It must contain a finding that a majority of the taxable inhabitants of such town or village are in favor of such incorporation. The board finds the "petition legal and reasonable and signed by a majority of the taxpayers." This is not equivalent to a finding that a majority of the taxable inhabitants of the town are in favor of such incorporation. Taxpayers may be inhabitants or not. They may even be non-residents of the state. There is no finding that the number of inhabitants of the town is more than 250 and less than 2000, nor are the metes and bounds of the city of Kensington, as incorporated, designated in the order. These requirements are substantial, and essential to the validity of an order of incorporation. It is shown by the agreed statement

of facts that the territory contained within the boundaries given in the petition included lands never platted into lots and blocks.   In fact, by far the larger part of the tract was agricultural and grazing land.   It appears also that less than 250 persons resided on the platted portion of the. territory.   We do not deem it necessary to determine whether the unplatted land could lawfully be included within the corporation without the consent. of the owners of it, nor whether there were sufficient inhabitants in fact to authorize the incorporation, but it was essential that the board of commissioners pass both on the sufficiency of the number of inhabitants and on the propriety of including all the territory designated in the petition within the corporate limits.   The boundaries of the corporation, as established by the board, would not necessarily be identical with those stated in the petition. The statute contemplates that the order shall show what the petitioners prayed for and what the board granted.   This it fails to do in the essential particulars pointed out.   As it is agreed that this is the only order for incorporation ever made, the defendants are assuming to exercise the functions of city officers without right.   Judgment of ouster as prayed for will be entered.