No. 19,890.

THE STATE OF KANSAS, ex rel. JOHN S. DAWSON, as Attorney-general, etc., *Appellant*, v. THE CITY OF VICTORIA et al., *Appellees*.

SYLLABUS BY THE COURT.

1. INCORPORATION OF CITY—*Number of Petitioners—Finding of County Commissioners Upheld.* Under a statute authorizing the county commissioners to incorporate a city upon a petition signed by a majority of the electors of the territory, but making no requirement that the fact of the signers constituting such majority shall be recited in the petition or in the record, an order of incorporation will be upheld which contains no reference to the matter except a statement that the petition showed that it was signed by the requisite number, while the petition itself in fact contained no recital on the subject.

2. INCORPORATION OF CITY—*Number of Inhabitants—Territory to be Included in Corporation—Petition.* The statement in a petition for the incorporation of a city, following the language of the statute, as to the number of inhabitants of the "town or village" which it is desired to have incorporated, refers to the inhabitants of the territory proposed to be included within the corporate limits, platted or unplatted, notwithstanding a subsequent statement in the petition that the town and its additions have been platted.

3. SAME—*"Metes and Bounds" of Proposed City—Description Sufficient.* A requirement that the boundaries of a proposed city shall be set forth in the petition by metes and bounds is sufficiently complied with by any description that indicates clearly the territory intended to be included.

4. SAME. Various irregularities of description held not to be fatal.

5. INCORPORATION OF CITY—*County Commissioners Acted on Petition at "Regular Session" — Completed at Adjourned Session — Proceedings Valid.* The requirement that the board of county commissioners shall act on a petition for the incorporation of a city at a regular session is met where such action is taken at an adjourned session of a regular meeting, notwithstanding the matter had already been partly considered and that no order had been made continuing the hearing to any particular time.

The State, *ex rel.*, v. City of Victoria.

6. INCORPORATION OF CITY—*Journal Entry of Proceedings of County Commissioners Sufficient.* A requirement that an order incorporating a city shall recite the substance of the petition therefor is complied with where the journal of the county commissioners' proceedings contains a recital that on a certain day the petition was filed, stating its substance, and that on a later day it was granted, the details of the order being set out in the record of the proceedings of that day.

7. SAME—*Order of County Commissioners Included a Description of the Territory Covered by the Proposed City.* Under a statute providing that upon the presentation of a petition asking that a city be incorporated, with boundaries therein stated, the county commissioners may make an order of incorporation which shall include a description of the territory covered, changes in the boundary being neither expressly forbidden nor expressly permitted, the proceedings are not invalidated by excluding from the order tracts included in the petition, nor by including in the order tracts not referred to in the petition, where the tracts so included are parts of streets, or strips corresponding to streets, or form minor portions of tracts, the greater part of which were included in the petition, and such changes do not bring into the city any inhabitants who were not residents of the territory described in the petition.

8. SAME—*Petition for Incorporation—Description of Territory.* In the part of a petition for the incorporation of a city describing the territory sought to be incorporated, a reference to a tract as an original town as platted and on file in the office of the register of deeds is to be interpreted as intended to designate all the territory covered by the original plat, notwithstanding an order had been made vacating two of the blocks and a part of the adjoining streets.

9. SAME. Various apparent inconsistencies and obscurities in describing the boundary of the territory incorporated held to be cured by applying the usual rules of interpretation.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed April 8, 1916. Affirmed.

*S. M. Brewster,* attorney-general, *E. A. Rea,* of Hays, *C. W. Burch,* and *B. I. Litowich,* both of Salina, for the appellant.

*A. D. Gilkeson, J. H. Simminger,* both of Hays, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: The board of county commissioners of Ellis county undertook to incorporate a city of the third class by the name of Victoria, making an order to that effect, under which

an organization was effected. The state brought an action to have the proceedings set aside on various grounds. The district court held the incorporation to be valid, and the plaintiff appeals.

The order undertaking to create the city is not open to attack for any mere irregularity or mistake of fact. (*The State, ex rel., v. Holcomb*, 95 Kan. 660, 149 Pac. 684.) This court is of the opinion that none of the defects pointed out are so serious as to amount to a want of jurisdiction. They will be briefly stated, together with the grounds upon which they are regarded as not being fatal.

(1)   The statute involved reads as follows:

"Whenever a petition signed by a majority of the electors of any unincorporated town or village within the state shall be presented to the board of county commissioners of the county in which such town or village is situated, setting forth the metes and bounds of their village and commons, and stating as near as may be the number of the inhabitants of such town or village, and praying that such town or village may be incorporated as a city, with satisfactory proof that such petition has been published in full in some newspaper printed in the said town or village at least once a week for three consecutive weeks, and the said board of county commissioners shall be satisfied that a majority of the taxable inhabitants of such town or village are in favor of such incorporation, and that the prayer of the petitioners is reasonable, and that the number of the inhabitants of such town or village exceeds two hundred and does not exceed two thousand, such board of county commissioners may, at any regular session thereof, by order reciting the substance of such petition and the due publication thereof, and their finding that a majority of the taxable inhabitants of such town or village are in favor of such incorporation, and that the prayer of the petitioners is reasonable, and that the number of the inhabitants of such town or village is within the limits hereby required, declare such town or village incorporated as a city of the third class, by the name and style of 'The city of ———' (naming same), and designating in such order the metes and bounds thereof." (Gen. Stat. 1909, § 1511.)

The petition asked for the incorporation in one municipality of the two towns of Herzog and Victoria, one on the north side of the Union Pacific railroad, the other on the south. It did not recite that the signers constituted a majority of the electors of these towns, and the commissioners' record does not show an express finding to that effect, although it refers to the petition as showing the fact. The statute does not require the petition to contain such a recital, so its omission to do so is un-

important. The commissioners are authorized to make an order of incorporation if they find certain enumerated facts, that with respect to the number of signers not being among them. The trial court found that the petition was sufficiently signed. The action of the commissioners implied such a finding on their part (*Schade v. Theel,* 45 Kan. 628, 26 Pac. 38), and this implication was supported by the recital that the petition showed the fact. The failure of the record to show a specific and express finding on the subject does not invalidate the proceedings.

(2) The petition is required to state "as near as may be the number of inhabitants of such town or village"—that is, of the town or village the incorporation of which is sought. The plaintiff contends that this requirement was not met, because the allegation of the petition in that regard was that the combined population of such towns was about 800 inhabitants. The petition also stated that the towns and their additions had been platted, and the streets and alleys therein laid out and named, and the point sought to be made against the petition is that it must be interpreted to mean that the population of the platted territory was about 800, without giving any information whatever regarding the number of inhabitants of the unplatted tracts which were included within the boundaries of the proposed corporation. The reference to the plats was unnecessary, and was obviously intended as an argument in favor of the reasonableness of the request. We do not regard it as committing the petitioners to the theory that by the word "towns" in the clause relating to the population they meant solely the territory that had been platted. The petition in this respect follows the phraseology of the statute, which speaks of the number of inhabitants of the "town or village," plainly meaning of the territory, including such town or village, the incorporation of which is desired. The statute recognizes that the boundaries of the town or village are not precisely defined, and requires the petitioners to set forth "the metes and bounds of their village and commons." The requirement that the petition shall be signed by a majority of the electors of the town or village plainly means that the signers shall constitute a majority of the electors of the territory de-

scribed by metes and bounds, the phrase "the town or village" being used as a convenient expression to convey that idea. The words are used in the same sense in the petition, and the subsequent reference to the platting of the towns and additions does not alter their meaning.

(3) The description of the territory comprising the proposed city, as given in the petition, is criticized as not complying with the statute for want of a statement of its "metes and bounds." Some of the tracts to be included are described by metes and bounds, and others as the original towns of Herzog and Victoria and certain enumerated additions. The reference here is obviously to the recorded plats. The descriptions are readily intelligible and entirely definite. This constitutes a substantial compliance with the statute. It is not necessary that the description shall be literally by metes and bounds— that is, by describing the boundary line by course and distance. (*The State, ex rel., v. Young,* 61 Mo. App. 494; *State v. Bay City,* 65 Ore. 124, 131 Pac. 1038; *Duquesne Borough,* 147 Pa. St. 58, 23 Atl. 339; *Beecher v. Parmele et al.,* 9 Vt. 352; *Williams v. Willard,* 23 Vt. 369.)

(4) The description is also criticized as indefinite in several particulars. In one instance a course is given as "northwesterly" without indicating the angle. The fair inference is that what was intended was a line prolonging that of a lot at the corner of which it started. A change of direction to a "northeasterly" course presumptively contemplates a right angle, and this interpretation gives a connected boundary. A point in the boundary is described as the intersection of an east-and-west public highway with the north side of the railroad right of way, running northeast and southwest, without indicating whether the north or south side of the road was intended. The ambiguity is not sufficiently serious to vitiate the proceedings. The line of "First Street" is used as a boundary, without other identification. It is sufficiently obvious that First street in Victoria was intended.

(5) The petition was presented at the regular meeting of the county board in April, 1913. It was acted on at adjourned sessions of that meeting, without orders having been made continuing the consideration of this particular matter to any specified time. The requirement that action should be taken

at a regular session was not violated. By virtue of the statute county warrants may not be issued at an adjourned meeting (Gen. Stat. 1909, § 2104), but in other respects it is a part of the session at which the adjournment was taken (7 Words & Phrases, p. 6039; *Sawyer v. Bryson,* 10 Kan. 199). It was not necessary that the time when the consideration of the incorporation matter would be resumed should have been stated. (*People v. Town of Linden,* 107 Cal. 94, 40 Pac. 115; *Wayne Borough Incorporation,* 12 Pa. Super. Ct. 363, 368.)

(6) A "journal entry" of the proceedings prepared by the county attorney was adopted by the board in May and made of record. It recited that on April 19, 1913, the petition had been considered, and that the board had then decided to grant it, and had instructed the surveyor to make a survey, and the county attorney to prepare a journal entry for submission. It also recited the making of the formal order on May 31, the details of which were stated. The plaintiff treats the matter as two separate attempts at incorporation, and contends that the first was void because not complete, and the second because it did not recite the substance of the petition. We regard what was done on the two days as parts of the same order of incorporation. The record of the proceedings of April 19 is to be deemed a part of the order, and this recites the substance of the petition. At that session it was decided that the petition should be granted, and on May 31 the details and form of the order were determined.

(7) The boundaries of the city as stated in the order of incorporation do not correspond exactly with those set out in the petition. Some tracts included in the petition were excluded in the order. Of this no complaint is made. Some tracts not a part of the territory described in the petition were included in the order of incorporation, and this is strongly objected to. "The boundaries of the corporation, as established by the board, would not necessarily be identical with those stated in the petition. The statute contemplates that the order shall show what the petitioners prayed for and what the board granted." (*The State v. Bilby,* 60 Kan. 130, 133, 55 Pac. 843. See, also, *People v. Town of Loyalton,* 147 Cal. 774, 82 Pac. 620; *Tullytown Borough,* 11 Pa. Co. Ct. 97; *Morris v. Taylor,* 70 W. Va. 618, 74 S. E. 872.) A chief pur-

pose of requiring the petition to be published is doubtless in order that persons living within the territory described may be advised of the pendency of the matter in order that they may be heard upon it if they should so desire. It may be that the policy of the statute forbids bringing into the city nonresidents of the territory described in the petition. Here, however, the new territory included no property on which persons were living, and therefore its inclusion in the city did not alter the number or personnel of inhabitants whose interests might be affected. Most of the added tracts were streets or parts of streets, or strips of ground corresponding to streets, that had not been included in the territory described in the petition. Changes such as these were no more objectionable than the dropping out of tracts that had been covered by the petition. One considerable addition was made by enlarging an included tract, which was 900 feet long and some 780 feet wide, by adding 115 feet to its width. This was done "to avoid running the city boundary through buildings of some of the occupants of the tract." It "did not add any new tracts nor new occupants, but simply took more of certain strips or tracts which were already included in the petition." These changes did not affect the validity of the order.

(8) The plaintiff contends that the order of incorporation includes another tract than those already referred to, which was not within the boundaries as described in the petition. This contention is based on the circumstance that two blocks of the original plat of Victoria (the one in the northeast corner and that just south of it) together with the streets east and north of them, and between them, and alleys in them, had been vacated by an order of the commissioners made in 1905. The petition in describing the territory proposed to be incorporated included as one tract "The Original Town of Victoria, as the same is platted and on file and of record in the office of the Register of Deeds." The boundary line of the city, as defined by the order of incorporation, enclosed the territory covered by the original plat of Victoria, including the two blocks referred to. The argument is that by reason of the order of vacation the description employed in the petition did not include these blocks. We think the natural interpretation of the language of the petition is that it was intended to refer

to the territory which had been covered by the original plat of the town of Victoria. The term "original plat" is that ordinarily used to distinguish the first plat of a town from the subsequent additions, and "original town" is employed in the same way. The vacation of the two blocks and a part of the adjoining streets eliminated a part of the block lines and made one "acre tract" of what had been two blocks separated by a street, but made no other change. The property still lay within the lines of the original plat. It could properly and appropriately be described as an unnumbered lot, block or parcel of ground, of stated dimensions, lying in the northeast corner of the original town. If the two blocks had been in the interior of the plat a reference to the "original town" could hardly be supposed to exclude them. They happened to be outside blocks, but we do not regard this circumstance as justifying reading the description as though it read "The original town of Victoria, not including any blocks or streets that have been vacated."

(9) The length of one line of the boundary, lying nearly north and south along the outside of an addition, was stated in the order of incorporation as 1803 feet. This was an obvious mistake, as the end of the addition named was reached at about 1503 feet. That this was the point intended as the end of the line is indicated by the fact that the boundary (as shown both in the petition and order) there makes a jog of thirteen feet to the east, and that the next calls are then made consistent instead of impossible. The next line is described as running north to the north "side or line" of Delaware street. Delaware street does not extend quite so far east, but the reference is plainly to the north line of the street extended to the point of intersection. In other instances streets are spoken of at places to which they do not reach. The meaning is not obscure, and the description must be held to apply to the positions the streets designated would occupy if extended. The terms "northwesterly" and "northeasterly" are used without indicating the angle; but this is sufficiently indicated by the directions of the lot and block lines at the point in question. The tracing of the boundary having reached the north line of the railroad right of way, the next call reads "Thence south Four Hundred (400) feet to the south line of said right-

of-way." Literally pursued this call is impossible, for the other side of the right of way could not be reached by going 400 feet directly south. And if it followed the direction specified the boundary line would fail to connect with other monuments designated. But if the language is taken to mean that the line is to run in a southeasterly direction, at right angles to the railroad, the difficulty in tracing the boundary is overcome. That this is what was intended appears from the fact that as the right of way is but 400 feet wide, the only direction in which its south side could be reached in 400 feet is that suggested. The boundary line was sufficiently indicated throughout, for the usual rules of interpretation are sufficient to clear up the obscurities and reconcile inconsistencies. (4 R. C. L. 110.)

On July 6, 1913, the commissioners directed the county clerk to enter upon the journal an order for the purpose of correcting some of the irregularities already referred to. As we find the original record sufficient the effect of the subsequent order need not be considered.

The judgment is affirmed.

DAWSON, J., not sitting.