No. 21,420.

SCHOOL DISTRICT No. 36 OF MONTGOMERY COUNTY, *Appellant,* v. THE BOARD OF EDUCATION OF THE CITY OF INDEPENDENCE, *Appellee.*

SYLLABUS BY THE COURT.

CITY SCHOOL DISTRICT—*Annexing Adjacent Territory—Proceedings Regular.* Under section 9129 of the General Statutes of 1915, territory outside a city of the second class, but adjacent thereto, may be annexed to the city school district on application of a majority of the electors in the territory proposed for annexation; and it is not necessary to exclude from such annexation any particular tract in such territory merely because no person owning or residing thereon joined in the application for annexation; nor is the validity of the proceedings affected by the fact that the school district from which the territory was detached had no notice of the application nor of the resolution annexing it to the city school district.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed April 6, 1918. Affirmed.

School District v. Board of Education.

*J. D. Brown,* of Independence, for the appellant.

*S. H. Piper,* and *Walter L. McVey,* both of Independence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action to annul certain proceedings of the defendant board whereby certain territory adjacent to the city of Independence was annexed to the city school district in 1911. The proceedings were undertaken pursuant to section 9129 of the General Statutes of 1915 which, in part, reads:

"Territory outside the city limits, but adjacent thereto, may be attached to such city for school purposes, upon application to the board of education of such city by a majority of the electors of such adjacent territory; and upon the application being made to the board of education, they shall, if they deem it proper, and to the best interests of the schools of said city and territory seeking to be attached, issue an order attaching such territory to such city for school purposes, and to enter the same upon their journal; and such territory shall from the date of such order be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation, and shall bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of the city."

Plaintiff's petition, which was filed in March, 1917, set up a copy of the application of a majority of the electors of the territory adjacent to Independence which was sought to be attached. A copy of the resolution of the defendant board was also attached. It recited that the application had been signed by more than three-fourths of the electors owning property and residing upon the territory affected. The resolution granted the application and changed and enlarged the boundaries of the city school district accordingly. The county superintendent was notified and recorded the change of boundaries. All these matters were completed in September, 1911.

Plaintiff alleged that defendant's acts were without authority of law; that part of the territory annexed was in Independence township, and part in Drum township—in the latter a quarter section of land was worth $11,000 and with railroad and pipeline property, etc., located thereon worth $48,000; that no notice of the proposed change of boundaries was given to the

plaintiff. [The petition infers, but does not specifically allege, that the land affected by the annexed territory, or the particular quarter section complained of, had theretofore been part of School District No. 36.] The petition alleged that the application for the change of boundaries,.

"was not signed or claimed to be signed by any elector or voter or resident or property owner residing within School District Number Thirty-six or within Drum Creek Township, Montgomery County, Kansas. That no person signing the said petition had any interest, directly or indirectly, in said one hundred sixty-acre tract or any property located thereon. That each and every person signing the petition resided on territory North of the City of Independence and North of School District Number Five [the city district] while the said one hundred sixty-acre tract is located East of the City of Independence and east of School District Number Five."

The prayer of the petition was for a recovery of the taxes collected on the quarter section in question, and for a decree annulling the annexation proceedings.

Defendant's demurrer was sustained, and that ruling is here for review.

This mere statement of the cause of action virtually disposes of plaintiff's case. The defendant board had statutory authority to annex the territory. (§ 9129, *supra*.) The board had power to determine whether the application was sufficiently signed by the persons concerned. (*The State, ex rel., v. City of Atchison*, 92 Kan. 431, 140 Pac. 873; *The State, ex rel., v. City of Harper*, 94 Kan. 478, 146 Pac. 1169; *The State, ex rel., v. City of Victoria*, 97 Kan. 638, 156 Pac. 705.)

The fact that the application was not signed by any person residing on the particular quarter section the annexation of which. by the defendant so greatly depleted the plaintiff's revenues did not affect the defendant's power to attach that quarter section. The.statute does not limit the annexation to the lands of those desiring annexation; a majority is sufficient. So long as the territory proposed for annexation is an integral tract of land adjacent to the city it may be lawfully annexed, if a majority of the electors of the territory affected so desire, at the option and discretion of the board of education, and with due regard to the welfare of the schools under the board's control. The statute authorizing annexation does not intimate that the board of education may annex part of the territory

which is proposed for annexation and leave out isolated tracts here and there throughout its extent because the owners may object or because some such tracts may have no resident electors; nor need the board of education concern itself that the territory to be annexed may lie in different townships or in different school districts. If the latter have any redress it is by appeal from the proceedings of annexation; and it does not lie in an independent action by the school district begun several years afterwards. The state alone may challenge the proceedings in such an independent action. (*Telephone Co. v. Telephone Association*, 94 Kan. 159, syl. ¶ 1, and pages 162, 163 and citations, 146 Pac. 324.) The statute authorizing the annexation makes no provision for notifying a school district of a proposal to detach part of its territory for the purpose of annexing it to a city school district. Probably the law is lame in that respect, but its crudeness or inconsiderateness does not necessarily render it void, nor vitiate proceedings taken in compliance with its terms.

The judgment is affirmed.