### HEWEY, County Treasurer, et al. v. CUDAHY PACKING CO.

(Circuit Court of Appeals, Eighth Circuit. October 25, 1920.)

### No. 5442.

1. **Municipal corporations** ⟜38—**Word "adjacent" as used in statute for attachment of territory to city for school purposes.**

The word "adjacent," as used in a statute authorizing cities to attach territory outside the city limits, but adjacent thereto, to the city for school purposes, has a broader meaning than contiguous, and signifies also neighboring, or in close proximity, though not touching.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adjacent.]

2. **Municipal corporations** ⟜38—**City held authorized to attach territory for school purposes, though not part of city, but within limits.**

Under Gen. St. Kan. 1915, § 9114, authorizing cities of the first class to attach to the city for school purposes territory outside the city limits, but adjacent thereto, held to authorize the city to attach a tract of land which, although within the city limits, was not a part of the city, but was entirely surrounded by city streets and blocks.

3. **Municipal corporations** ⟜38—**Application for attachment of territory for school purposes need not be signed by residents on each subdivision.**

A provision of such statute that territory may be attached on application by a majority of the electors of such adjacent territory does not

require the application to be signed by residents on each subdivision thereof, but it is sufficient if signed by a majority of the electors of the entire territory and may bring in an included tract on which no one resides; nor is it material that the territory attached is separated into two parts by an intervening strip of the city.

**4. Municipal corporations ⊚⇒38—In attaching territory for school purposes, notice to each landowner not required.**

In a proceeding under such statute notice is not required to be given to each owner of land within the territory sought to be attached.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by the Cudahy Packing Company against W. R. Hewey, County Treasurer of Sedgwick County, Kan., and others. Decree for complainant, and defendants appeal. Reversed, and remanded for further proceedings.

Glenn Porter, of Wichita, Kan. (S. B. Amidon, D. M. Dale, S. A. Buckland, and H. W. Hart, all of Wichita, Kan., on the brief), for appellants.

C. H. Brooks, of Wichita, Kan. (J. D. Houston and Willard Brooks, both of Wichita, Kan., on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge.

HOOK, Circuit Judge. The question in this case is whether the board of education of the city of Wichita, Kan., acting under section 9114, G. S. Kan. 1915, lawfully attached 20 acres of land belonging to the Cudahy Packing Company to the city school district for school purposes. The trial court held it did not, and enjoined the enforcement of the resulting excess school taxes. The statute referred to provides:

"Territory outside the city limits of any city of the first class, but adjacent thereto, may be attached to such city for school purposes, upon the application being made to the board of education of such city by a majority of the electors of such adjacent territory. And, upon the application being made to the board of education they shall, if they deem it proper and to the best interests of the school of said city and territory seeking to be attached, issue an order attaching such territory to such city for school purposes and to enter the same upon their journal, and such territory shall, from the date of such order, be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation and bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of said city. Such territory shall be attached to the several wards of such city contiguous thereto as shall be determined by the board of education of any such city, and when so attached shall remain parts of such for school purposes only."

Prior to the action of the board of education the land of the Cudahy Packing Company was a part of rural school district No. 63, of Sedgwick county, Kan. At one time the school district comprised an integral body of land north of the city and contiguous to its northern corporate boundary. From time to time the city limits were enlarged and extended and it came to pass that a portion of the school district containing 120 acres became entirely surrounded by streets, blocks and

lots of the city. The 120 acres of which the Cudahy tract is a part was separated from the remainder of rural school district No. 63 by an intervening municipal strip 80 rods in width. This was the condition when the board of education entered the order of which complaint is made. The application to the board was for the attachment to the city for school purposes of the 120 acres surrounded by city limits and also about 640 acres outside, all a part of district No. 63. The application was signed by a majority of the electors of the territory sought to be attached taken in its entirety. No electors, however, resided on the Cudahy tract; it was occupied by a packing house and appurtenances. After the board made the order in question, the county school superintendent disorganized district No. 63 and attached what was left of it to another rural school district.

[1, 2] Observing the provisions of the statute above quoted, two questions arise: First. Was the land of the Cudahy Packing Company, surrounded as it was by the city limits, "adjacent" to such limits? Second. Was the requirement that the application be made "by a majority of the electors of such adjacent territory" complied with, bearing in mind that the end sought was the attachment to the city, not only of the territory surrounded by the city limits, but also of the territory beyond? Of these in their order. The term "adjacent," as employed in the statute, has a broader meaning than "contiguous." It signifies also neighboring or in close proximity, though not touching. In Board of Education v. Jacobus, 83 Kan. 778, 112 Pac. 612, the Supreme Court of Kansas so held in construing a similar statute, in which the term was used in precisely the same connection. There the territory attached to a city of the second class for school purposes did not touch the municipal boundary, but was separated from it by rural territory which had been previously so attached. If there were any doubt about the true construction, the well-reasoned opinion of the Kansas court would dispel it. But, even if the statute required contiguity, it is not perceived that a different result would follow. The Cudahy tract, though surrounded by the city, is not a part of it. It is conceded to be outside the city limits in the legal sense, and it adjoins or touches those limits on two sides. However construed, the letter of the statute is satisfied, and its spirit also.

[3] We also think the application was sufficiently signed by electors. The Cudahy tract was as much a part of the rural school district as if it had been contiguous to the 640 acres lying wholly beyond the city limits. Its separation from the larger portion presented an anomalous condition—physically, but not legally, or in a jurisdictional sense. It is true no electors resided on it, but doubtless that would have been so, if the growth of the city had not surrounded it; and in that case the absence of resident electors would have been unimportant. There is no requirement in the statute that the application must be signed by electors residing on each part or parcel of the territory affected. In School District v. Board of Education, 102 Kan. 784, 171 Pac. 1154, a like order of a board of education was attacked because it embraced a valuable quarter section of land contiguous to, but in a different township from, the remainder, and no elector residing on it signed the application. It was also charged that those who did sign had no in-

terest directly or indirectly in the quarter section. The objection to the transfer from the rural school district to the city was denied. The court said:

"The statute authorizing annexation does not intimate that the board of education may annex part of the territory which is proposed for annexation and leave out isolated tracts here and there throughout its extent because the owners may object or because some such tracts may have no resident electors; nor need the board of education concern itself that the territory to be annexed may lie in different townships or in different school districts."

[4] The difference between that case and the one at bar is that there the territory in question was a single, integral body, while here it was separated into two parts by an intervening strip of the city. But, as already observed, we do not regard the difference as material. Finally it is said that no notice of the proceeding was given the owner of the Cudahy tract. The statute requires none, and it is not seriously contended that it is unconstitutional for that reason. In the case last cited it was held that the validity of the proceeding was not affected by the failure to give notice of it to the district from which the territory was detached. In acting under the statute a board of education is an agency of the legislative branch of the state government. The legislative power of a state in respect of the boundaries of its subordinate political divisions is very broad. See Laramie County v. Albany County, 92 U. S. 307, 23 L. Ed. 552. That changes of boundaries may result in changes in burdens of taxation does not make the proceeding one for taking private property of the inhabitants. The proceeding is not one for the direct imposition of taxes, but is political; the matter of taxes is merely an incident that follows, as it is in much that is done legislatively.

The decree is reversed, and the cause is remanded for further proceedings in conformity with this opinion.