No. 24,240.

THE STATE OF KANSAS, ex rel. F. E. YOUNG, as County Attorney of Rooks County, *Appellant*, v. M. L. ANDERSON et al., and RURAL HIGH-SCHOOL DISTRICT No. 3 OF ROOKS COUNTY, *Appellees.*

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*Rural High-school District—Misdescription of Boundary Monuments—Repugnant Calls.* The rule that in the description of a boundary monuments prevail over courses and distances will not be followed where it would result in destroying the continuity of a line which can be preserved by rejecting an obviously erroneous call. The words italicized in the following excerpt from the description of the boundary of a proposed rural high-school district may be ignored when the result will be a connected line: "thence [from the northwest corner of section 24] due north one mile *to the northeast quarter of sec. 14,* thence due west one mile to the northwest corner of sec. 14."

2. SAME—*Organization of Rural High-school District—Petition for Calling an Election—Immaterial Irregularities.* Under the statute providing that a petition for the calling of an election to vote on a proposal to organize a rural high-school district shall recite that the boundaries have been approved by the county superintendent and commissioners, the omission of such recital and the fact that the boundaries were not approved by such officers until after the petition was signed (but were so approved before it was acted upon) are mere irregularities, insufficient to require a court to set aside the attempted organization of the district in an action brought in the name of the state.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed May 12, 1923. Affirmed.

. *F. E. Young,* county attorney, *O. O. Osborn, J. B. Risely,* both of Stockton, *W. L. Sayers,* and *J. S. Parker,* both of Hill City, for the appellant.

*W. K. Skinner,* of Stockton, *Charles L. Hunt,* and *C. J. Putt,* both of Concordia, for the appellees.

The opinion of the court was delivered by

MASON, J.: This proceeding in quo warranto was brought in the name of the state on the relation of the county attorney to procure a judgment setting aside the attempted organization of a rural high-school district because of defects therein. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

1. The plaintiff contends that the proceedings for the creation of the district were void because the following clause in the description of its boundaries, given in the petition upon which the vote for its establishment was had, contains repugnant calls and is unintelligible:

"Beginning at the northeast corner of Sec. 19, Twp. 7, R. 18, in Rooks County, Kansas, thence running due west to the northwest corner of Section 24, Twp. 7, R. 19, thence due north one mile, to the northeast quarter of Sec. 14, thence due west one mile to the northwest corner of Sec. 14."

The difficulty arises from the use of the word "quarter" where "corner" was quite obviously intended. If the clause is given effect as written a gap is left in the boundary. If it is read in accordance with the obvious intention or is entirely eliminated the description is rendered intelligible and the line described connects with the rest of the boundary. We see no difficulty in adopting the latter reading. (9 C. J. 212, 220; 4 R. C. L. 101-2.) "It is true, that, as a general rule, monuments, natural or artificial, referred to in a deed control, on its construction, rather than courses and distances; but this rule is not inflexible. It yields whenever, taking all the particulars of the deed together, it would be absurd to apply it. For instance, if the rejection of a call for a monument would reconcile other parts of the description, and leave enough to identify and render certain the land which the sheriff intended to convey, it would certainly be absurd to retain the false call, and thus defeat the conveyance." (*White et al. v. Luning,* 93 U. S. 514, 524.)

2. The statute provides that an election to vote upon the proposal to establish a rural high school may be called by the county commissioners on the presentation of a petition "reciting the boundaries

of said proposed district and the approval thereof as provided in section 1 of this act." (Laws 1921, ch. 250, § 1.) The approval of the boundaries referred to is that of the county superintendent of public instruction and the county commissioners. (Laws 1921, ch. 241, § 1.) In the present case such approval was not recited in the petition and was not given until after the petition had been signed and presented. This is relied upon as a fatal defect in the proceedings. In a former case it was said: "There came to the board of county commissioners a petition signed by the proper number of electors, and approval of boundaries by the county superintendents of both counties. If approval of boundaries followed instead of preceding signing of the petition, the proceeding was irregular merely, and not void, and the board of county commissioners was authorized to call the election and declare the result." (*Bealmear v. Hildebrand,* 107 Kan. 419, 421, 191 Pac. 263.) The provision with regard to the petition reciting the approval of the boundaries has been inserted in the statute since the case last cited was decided, but clearly no substantial rights could be affected by the omission of the recital, when (as in this instance) the boundaries were approved by the county superintendent and commissioners before the petition was acted upon. Probably the requirement that the petition shall recite the approval of the boundaries by the superintendent and commissioners was made in order that effort should not be wasted in the circulation of petitions for districts the boundaries of which would not be approved by those officers. However that may be, we hold the irregularity was not such as to require the dissolution of the district even at the instance of the state.

The judgment is affirmed.