No. 39,563

STATE, ex rel., HAROLD R. FATZER, Attorney General of the state of Kansas, *Appellee,* v. THE MINNEOLA HOSPITAL DISTRICT, a purported hospital district of Clark County, Kansas; R. B. Tedford, R. D. Milam, George Booher, Wm. Dufford, and J. R. Hill, individually and as the Board of Directors of such purported Hospital District, *Appellants.*

(277 P. 2d 607)

Opinion filed December 11, 1954.

*Robert M. Baker*, of Ashland, argued the cause, and *J. V. Severe*, also of Ashland, was with him on the brief for the appellants.

*Chas. Vance*, of Liberal, Special Assistant Attorney General, argued the cause, and *Harold R. Fatzer*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action instituted by the state on the relation of the attorney general to test the validity of the establishment of the Minneola Hospital District, hereafter referred to as the district.

The district court rendered judgment that the establishment of the district by the board of county commissioners of Clark county was a nullity and the district perfected its appeal to this court.

The present action grows out of proceedings had under Laws 1947, Ch. 172, appearing as G. S. 1949, 80-2113 *et seq.* So far as need be noticed here the statute authorizes a city of the third class to join with one or more townships, or portions thereof, in the creation of a hospital district and the construction and maintenance of a hospital as provided in the act. The statute provides that upon presentation to the board of county commissioners, in which such city and township or the greater portion thereof are located, of a petition setting forth the boundaries of the proposed district and requesting the formation thereof signed by not less than fifty-one per cent of the qualified electors who reside outside the limits of incorporated cities and a like petition signed by not less than fifty-one per cent of the qualified electors who reside within the corporate limits of a city of the third class within the proposed district "the sufficiency of such petitions to be determined by an enumeration taken and verified for this purpose by some qualified elector of said proposed dis-

trict," it shall be the duty of the board of county commissioners to examine the petition and if the board finds that the petition is regular and in due form as provided in the statute, the board shall enter an order in its proceedings establishing the district.

After the petitions for establishment of the hospital district had been filed, they came on for consideration by the board of county commissioners on June 8, 1953, and that board found:

"Thereupon said cause is presented to the said Board of County Commissioners of Clark County, Kansas, and said board having heard the evidence and having examined said petitions together with the verified enumeration of the qualified electors of said proposed 'hospital district, taken for this purpose and being fully advised in the premises finds that petitions setting forth the boundaries of the proposed hospital district and requesting the formation of said hospital district have been signed by more than 51% per cent of the qualified electors of said proposed hospital district who reside outside of the incorporated limits of the City of Minneola, a city of the third class, and that like petitions have been signed by more than 51 per cent of the qualified electors of said proposed hospital district who reside within the incorporated limits of said City of Minneola; said Board further finds that verified enumerations taken for this purpose shows that said petitions are sufficient; and said Board further finds that said petitions are regular and in due form as required by law and that this board should enter an order in the proceedings establishing said hospital district with the boundaries hereinafter described."

and then made its order establishing the hospital district with the same boundaries as were set forth in the petitions and as described in the petition in the instant case.

The state's petition alleged that on or about June 8, 1953, petitions were presented to the board of county commissioners of Clark county and that board entered an order (above mentioned), purporting to establish, pursuant to G. S. 1949, 80-2114, a hospital district consisting of lands in Ford county and in Clark county, the descriptions of which were set forth and containing therein the incorporated city of Minneola, a city of the third class; that the order of establishment was wholly void for the reason the petitions were not signed by fifty-one per cent of the qualified electors of the proposed district who resided *outside* the limits of the incorporated city and for the reason that the sufficiency of the petitions was not determined by any enumeration taken and verified as required by law; that attached to the petitions filed with the county clerk was an affidavit, a copy of which was attached, and that the board of county commissioners determined the sufficiency of the petitions solely

upon the affidavit and no enumeration was ever taken or considered by that board; that the action of the board without an enumeration was unauthorized and "while done without actual wrongful intent, nevertheless as a matter of law amounted to arbitrary action and constructive fraud." The prayer was that the court determine by what warrant the district purported to act; that it be ousted and the defendants purporting to act as its directors be ousted and enjoined from acting in such capacity, and that the order of the county commissioners be set aside and held for naught. The above mentioned affidavit stated that the maker, Hill, was a qualified elector within the proposed district; that he had inquired into the total number of qualified electors living in the proposed district and that the signed petitions contained more than fifty-one per cent of the qualified electors' signatures that lived in the proposed district, the boundaries of which were set forth; that he knew of the percentage of qualified signing electors by having obtained the census of the respective involved townships from the respective county clerks and that in actuality the signatures presented constituted more than fifty-one per cent of the qualified electors' signatures.

For present purposes it may be said the answer alleged validity of establishment of the district and that fifty-one per cent of the qualified electors residing *outside* of the limits of incorporated cities did sign the petitions and that a good and sufficient enumeration determined that fact.

The plaintiff's demurrer to the answer as not stating facts sufficient to constitute a defense was overruled and plaintiff then filed a reply details of which need no notice here.

At a pretrial conference it was agreed that two issues of law were to be submitted. One was the jurisdiction of the board of county commissioners to determine the sufficiency of the enumeration and to establish the district, and the other was the jurisdiction of the trial court to review the action of the board of county commissioners. The trial court ruled that it might intervene and review the action of the board of county commissioners only after allegation and proof of fraud or its substantial equivalent, and that the determination of the sufficiency of the enumeration was the sole prerogative of the board of county commissioners and not the concern of the court unless there be fraud or its substantial equivalent. At a later date a trial was had and evidence was received after which the trial court made findings of fact and conclusions of law. The substance of the

findings of fact was that James R. Hill had inspected the assessor's enumeration taken in 1953 for the involved townships in Clark county and had made a partial list of all persons twenty years of age or older; had taken the assessor's books to Minneola and a committee, with their knowledge of the inhabitants, made a further check of any persons living in the townships and not listed by the assessor; that Paul Hindman checked the assessor's enumeration for 1953 in Ford county, containing all persons twenty years of age or older in the hospital district but he made no list until after the petitions had been filed and acted on; that on June 8, 1953, Hill and Harris brought the petitions to the county clerk of Clark county and gave him the number of persons over twenty years of age in the proposed district as determined from the Clark county assessor's books and Hindman's count of the Ford county books by a meeting in Minneola of five persons; that such numbers were given orally to the county clerk who made a note of the number found in Ford county; that with the petitions was the affidavit of Hill above mentioned; that the county clerk at the request of the board of county commissioners made a count of the persons shown by the assessor's record in Clark county, but had no list of the persons in the Ford county part of the district who were electors; that no written instruments were submitted to or considered by the board of county commissioners except the petitions and Hill's affidavit. As a matter of law the trial court concluded that no enumeration was taken and verified as provided by G. S. 1949, 80-2114 by which the sufficiency of the petitions must be determined; that the action of the board of county commissioners in determining the petitions were sufficient and contained fifty-one per cent of the electors *outside* the city of Minneola without an enumeration taken as provided by the statute was void, and that the order of the board of county commissioners of June 8, 1953, establishing the district was void. The defendant district filed motions to vacate and set aside the judgment, to dismiss the action and for a new trial, which were denied, and in due time, the district and its officers perfected an appeal to this court, their specification of errors covering the matters hereafter discussed.

To clarify matters, it is noted that by reason of the allegations of the petition and the further fact that no reference was made thereto either in the evidence or in the trial court's findings of fact, all later mentioned, or in the briefs, we are left to infer

that all proceedings, including enumeration, insofar as the territory *within* the corporate limits of the city of Minneola was concerned, were fully valid and beyond attack.

We first take note of appellee's contention that the appeal should be dismissed for the asserted reason the appellants have printed the transcript and have not abstracted the record, in violation of Rule V of this court. The objection of necessity is directed to the colloquy between court and counsel at a pretrial conference and to the evidence when the cause was heard. We have no means of determining what the transcript may contain. It is true the abstract contains verbatim at least a part of the testimony of witnesses some of which could well have been abstracted, and other parts of which it would be almost impossible to abstract and show clearly what occurred. An examination of the abstract shows it to be more extended than is necessary, but we are not convinced that for that reason the appeal should be dismissed.

Appellee also contends the appeal should be restricted because appellants' motion for a new trial was submitted to the trial court without argument. We shall not discuss the contention further than to say that there is no dispute of fact involved, the primary issue presented by the appeal being whether a valid enumeration was taken and verified on which to determine the sufficiency of the petitions for the establishment of the district.

Although appellants devote some space in their brief to and cite many of our decisions in support of the power of a court to intervene and review the action of a public board in situations similar to that now presented, we need not dwell on the rule nor discuss the cases inasmuch as the trial court, at the pretrial correctly held that it might intervene and review the action of the board of county commissioners in establishing a hospital district only after an allegation and proof of fraud or its substantial equivalent. We note only that the rule is in accordance with our decision in *State, ex rel., v. Miami County Comm'rs,* 168 Kan. 723, 215 P. 2d 631, and numerous decisions referred to therein. The petition filed in the district court expressly pleaded that the board of county commissioners in acting on the petitions for establishment of the district "without an enumeration" was unauthorized and "while done without actual wrongful intent, nevertheless as a matter of law amounted to arbitrary action and constructive fraud." Such

an allegation takes away any contention of active fraud and leaves only for determination whether there was a valid enumeration. If there was, there was no fraud, constructive or otherwise nor any substantial equivalent of fraud.

In the absence of any showing to the contrary, we assume the appellee made the same argument to the trial court as it makes here and that an enumeration is a detailed account in which each item is specified, and that to enumerate is to specify singly, to name one by one (30 C. J. S. 289, 290) or as applied here, there was no enumeration because no list of the qualified electors was prepared, verified by some qualified elector, and filed with the petition requesting establishment of the district.

The appellants direct attention to the rulings of the trial court made at the pretrial conference and to the findings of the board as hereinbefore quoted, and contend that the undisputed evidence shows a valid enumeration.

The statute does not define the words "enumerate" and "enumeration." They are not technical words and have no peculiar and appropriate meaning in law but are to be construed according to the context and approved use of the language (G. S. 1949, 77-201, Second). Reference to any standard dictionary will show the root word of the above words is the Latin word "enumeratus" an inflectional form of "enumero" which, by Latin dictionaries, is defined as "to reckon up, to count over, to count out; to recite." See Lexicon of the Latin Language, edited by F. P. Leverett (1852); Harper's Latin Dictionary, edited by E. A. Andrews (1884); and Ainsworth's English-Latin Dictionary. Webster's New International Dictionary, Second Edition, defines the verb enumerate as "To count over, or tell off one after another; to number; count; to name over" and defines the noun enumeration as "1. Act of enumerating, as in counting up a number or specifying in a list. 2. An itemized list or catalogue; a census."

The evidence showed in detail and without any dispute whatever and the trial court found that a count of qualified electors was made in the involved territory, not only from the assessor's books but from the knowledge of a committee two of whose members had circulated the petitions and kept count of the electors, but that only a partial list of names was made, and that the numbers of electors were stated to the county clerk, and that clerk at the request of the board of county commissioners of Clark county made a count of the persons shown by the assessor's records in Clark county.

In *The State, ex rel., v. Dowling et al.,* 117 Kan. 493, 232 Pac. 615, this court considered validity of the organization of a joint rural high school district under the provisions of Laws 1917, Ch. 284, which in its amended form appears as G. S. 1949, 72-3502, the statute providing the petition should be signed by two-fifths of the electors of the proposed district "to be determined by an enumeration taken for this purpose by any legal elector residing in said territory and by him certified under oath to the county commissioners." Insofar as enumeration is concerned the trial court had found there had been no enumeration as provided by law. In discussing the question this court said:

"Now what was the matter with the proceedings? Merely that the enumerator, a rural preacher and day laborer, took the census of voters of the territory in a shabby little notebook in which he also kept his personal memoranda about his private work and labor, Chautauqua expenses, the purchase of coal, and shipments of clothing for European relief, etc. But if the little notebook is studied with patience the relevant enumeration is readily severable from the irrelevant personal contents, and there is not the slightest reason for assuming that the enumeration did not have due attention from the only tribunal which had any concern with it—the board of county commissioners of Decatur county. Since there was neither charge of fraud or similar misconduct, the ascertainment of the number of electors in the district and of the sufficiency of the petition for the calling of the election were exclusively the official concern of the county board. This court has repeatedly held that where the determination of the existence of prerequisite facts to authorize official action is vested in a local tribunal, such as a county board or a mayor and city council, its determination is conclusive and is not subject to review except in cases of fraud or similar misconduct of sufficient gravity to vitiate it. (*The State, ex rel., v. City of Atchison,* 92 Kan. 431, 140 Pac. 873; *The State, ex rel., v. City of Harper,* 94 Kan. 478, 146 Pac. 1169; *The State, ex rel., v. Holcomb,* 95 Kan. 660, 149 Pac. 684; *The State, ex rel., v. City of Victoria,* 97 Kan. 638, 641, 156 Pac. 705; *The State, ex rel., v. School District,* 113 Kan. 441, 215 Pac. 453. See, also, *Town of Olsburg v. Pottawatomie County,* 113 Kan. 501, 215 Pac. 451.) (1. c. 496) . . . When that petition was presented the county board had jurisdiction to receive it, to ascertain its purpose and its genuineness and its sufficiency. Its sufficiency depended on the question whether two-fifths of the electors concerned had signed as petitioners. The county board had jurisdiction to determine that question. How? The statute provided that an enumeration should be taken by a resident legal elector and by him certified under oath to the county board. The state assumes that this enumeration should be taken on a neat and presentable document, to which a certificate of the census taken under oath should be attached and carefully preserved in the files of the county board. That would be the efficient and businesslike way of doing it. But because such efficient and businesslike method of making the enumeration and preserving the record of it was not made, it will not do to deduce therefrom that the enumeration which was made was not legal. . . . The statute does

not say the enumeration shall be taken on some particular form of document nor that it shall be filed with the enumerator's affidavit." (1. c. 497)

We need not notice portions of that opinion treating other contentions, but note that the judgment of the district court holding the organization of the school district invalid was reversed and judgment was ordered entered for the defendant district. That decision was rendered long prior to the enactment of the statute presently involved. The legislature was aware of our interpretation of the practically identical language of the school statute when it adopted it for use in the hospital district statute.

As has been noted the statute here applicable provided that the sufficiency of the petition for establishment of the district shall be determined by an enumeration taken and verified by some qualified elector of the proposed district. No particular form of verification nor of the substance thereof is set forth in the statute nor does the statute require that the enumeration consist of any list of electors or that it be filed. It may be conceded that the verifying affidavit filed is no work of art, and that it would have been much clearer had the number of electors been stated, but we cannot say it was a nullity because the affiant stated a conclusion. It was a verified statement which the board of county commissioners accepted for its purpose, along with the count it had the county clerk make, in determining whether the petitions for establishment were signed by the requisite number of electors.

There is no contention but that, aside from the question of enumeration, the order of the board of county commissioners in creating the district was duly made. Under the circumstances there is a strong presumption of law that precedent legal requirements were had and done. See *Moore v. City of Pratt*, 148 Kan. 53, 57, 79 P. 2d 871, and cases cited. Nor is there any doubt under our decisions, that the burden of proof in an action in quo warranto is on the plaintiff to show the claimed illegality. See *The State, ex rel., v. City of Harper*, 94 Kan. 478, 146 Pac. 1169, and *The State, ex rel., v. Dowling et al.*, supra. In our opinion the trial court's findings of fact do not warrant any conclusion that the state's evidence proved any illegality nor any conclusion that precedent legal requirements to action by the board of county commissioners in establishing the district were not had and done.

We do not find it necessary to discuss appellants' contention the action may not be maintained because of the failure of plaintiff to

join the board of county commissioners of Clark county as a party defendant and to procure service of summons on it.

Under the decisions above mentioned nothing remains which is subject to intervention and review by the district court. The judgment appealed from is reversed and the cause is remanded to that court with instructions to render judgment for the appellants.

HARVEY, C. J., not participating.