No. 20,701.

THE STATE OF KANSAS, ex rel. R. C. McCORMICK, as County Attorney, etc., et al., *Plaintiffs,* v. O. H. BENTLEY, as Mayor, etc., *Defendant.*

SYLLABUS BY THE COURT.

1. SCHOOL BOND ELECTION—*Refusal of Mayor to Call Special Election—Mayor's Duty is Mandatory.* When a board of education by regular proceedings under sanction of section 7557 of the General Statutes of 1909 has determined the necessity for a school bond election and has certified its action to the mayor, that officer has no option of refusal to issue his proclamation to call the election. His duty is mandatory and purely ministerial. (Gen. Stat. 1909, § 7558.)

2. SAME—*No Money to Pay Expenses—Does Not Excuse Mayor from Issuing Election Proclamation.* The fact that a city government did not take into account the contingent expense of possible special elections in making its financial budget, and that it has no money set apart to defray the expense of such an election, will not excuse a mayor from the performance of his statutory duty to call a special election when the proceedings precedent to the demand for his official action are regularly certified to him.

3. SAME—*Mayor has no Discretion—Must Obey Statute.* The statutory restrictions against the financial improvidence of the mayor and city commissioners (Gen. Stat. 1909, §§ 1040, 1041, 1328, 1329) relate only to matters within their official control, and do not relate to matters where the legislature itself has directed what action shall be taken and which may subject the city to liabilities or expenditures wholly outside the discretion of the city government.

Original proceeding in mandamus. Opinion filed June 19, 1916. Writ allowed.

*S. B. Amidon,* and *Jean Madalene,* both of Wichita, for the plaintiffs.

*James A. Conly,* city attorney, for the defendant; *O. H. Bentley,* of Wichita, of counsel.

*W. B. Bailey,* of Wichita, for the Tax League.

The opinion of the court was delivered by

DAWSON, J.: This is an application by the state and by the Wichita Board of Education for a writ of mandamus to compel the mayor of Wichita to call an election on the proposition

to issue bonds for an additional high school required to relieve the congested condition of the city schools. The maximum capacity of the present high school is nine hundred ninety-eight pupils. The present enrollment is sixteen hundred two. The board of education is using thirty-one extra schoolrooms for the overflow, and the city school population is rapidly increasing. All the preliminary proceedings required by the statutes precedent to the mayor's proclamation were properly performed. The mayor declined to call the election. In his answer to the alternative writ, the mayor says that it will cost the city $2000 to hold the election, that when the budget for the current fiscal year was made up no provision was made for the expense of special elections, that it would be official misfeasance on his part to subject the city to expenses which could not be met out of the budget apportionment for elections (Gen. Stat. 1909, §§ 1040, 1041, 1328, 1329), and that he had offered to call the election if the board of education would turn over to the city a sufficient sum to defray the cost of the election, and this the school board had refused to do.

The plaintiffs ask judgment on the pleadings. They are entitled to judgment. The board of education and the city are separate corporate entities. (*Knowles v. Board of Education,* 33 Kan. 692, 700, 7 Pac. 561; *Ritchie v. Mulvane,* 39 Kan. 241, 254, 17 Pac. 830, 839.) That their territorial limits largely coincide is immaterial. The wisdom and discretion of the board of education are not reviewable by the mayor. He is merely the ministerial officer designated by the statute to call the election. The sheriff or county clerk, if thus designated, would answer the purpose just as well. The school board determines the necessity for the election. (Gen. Stat. 1909, § 7557.) There is nothing equivocal touching the mayor's duty. He must call the election within thirty days after receipt of the board's certificate. (Gen. Stat. 1909, § 7558.) That the city's fiscal arrangements for the current year did not make provision for the contingency of possible special elections can not frustrate the plain terms of the statute, and the inhibitions of the commission government act against improvident management of the city's financial affairs relate to matters within the control of the city commissioners and not

to matters where the legislature itself has assumed the responsibility of directing their course of conduct, as it has done when it required the mayor to call an election on the certificate of the board of education. (*The State, ex rel., v. City of Hutchinson,* 93 Kan. 405, 412, 144 Pac. 241.)

An attorney's fee is asked in this action under section 723 of the civil code. The services rendered for the state by the county attorney were merely a part of his ordinary official business to compel the mayor to perform his duty. His salary is his compensation therefor. The board of education, however, had a right to maintain this action and it is entitled to have a reasonable attorney's fee allowed for the payment of its counsel. One hundred dollars and the actual and reasonable expenses of the board's counsel are awarded to the board of education on this account.

The mayor suggests that if the writ is allowed, he should be permitted to fix the date of the election so that it may be held concurrently with the August primaries. The delay already occasioned is hardly excusable, but whatever inconvenience the board of education has already sustained, it would hardly be augmented now by acquiescing in that suggestion in the interest of economy.

The writ is allowed.