No. 22,291.

CHRISTOPHER BUNNING, THOMAS W. SCUDDER and JOHN SUTHERIN, *Plaintiffs*, v. ALFRED A. ROGERS et al., as the BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Defendants*.

SYLLABUS BY THE COURT.

RURAL HIGH-SCHOOL DISTRICT—*Transfer of Territory to Another School District—Statute Construed—Authority of County Superintendent—Authority of County Commissioners.* Section 6 of chapter 284 of the Laws of 1917, which authorizes the county superintendent to transfer territory from a rural high-school district "to any school district in which a four-year accredited high school is maintained" means that such territory may be transferred to some common-school district of that sort under the general jurisdiction of the county superintendent, and does not mean that such territory may be transferred to a city school district under the jurisdiction of a board of education, and the power vested in a board of county commissioners to review the action of a county superintendent touching the alteration of school-district boundaries does not extend to a review of a county superintendent's refusal to act on a petition to transfer such rural high-school territory to a city school district.

Original proceeding in mandamus. Opinion filed March 8, 1919. Writ denied.

*T. F. Garver*, of Topeka, for the plaintiffs.

*Hugh T. Fisher*, county attorney, *D. H. Branaman*, and *James A. Troutman*, both of Topeka, for the defendants.

The opinion of the court was delivered by

DAWSON, J.: This is an original proceeding in which the plaintiffs ask for a writ of mandamus directing the defendants to give official attention to a matter concerning school-district boundaries appealed to them from a decision of the county superintendent.

A statement of facts will develop the legal question involved: A rural high-school district was organized in a con-

siderable extent of territory adjoining Topeka on the west and southwest. This territory comprised common-school district No. 53 and some ten other school districts. For some years past the inhabitants and electors of school district No. 53, which immediately adjoins Topeka on the west, have sent their children of suitable age and qualifications to the Topeka high school, pursuant to certain arrangements with the Topeka board of education. This arrangement was so generally satisfactory to the electors of district No. 53 that upon the organization of the new rural high school over their opposition they petitioned the county superintendent to detach their territory from the new rural high-school district in order that it might be attached to the Topeka city district for school purposes. Shortly thereafter, and under another statute, the board of education annexed the territory to Topeka for school purposes. The county superintendent declined to act on the petition for detachment on the assumption that she had no jurisdiction. On the same ground—and on no other—the defendant board of county commissioners likewise has declined to act.

The plaintiffs are interested patrons and taxpayers of the affected territory. They cite the statute:

"The county superintendent of public instruction shall have authority to transfer territory from any rural high-school district to any adjoining rural high-school district *or to any school district in which a four-year accredited high school is maintained,* . . . and an appeal from the action of the county superintendent to the county commissioners may be taken in the manner provided by law for an appeal in the alteration of school-district boundaries." (Laws 1917, ch. 284, § 6.)

The sole question is whether the school territory governed by the board of education of the city of Topeka is "any school district in which a four-year accredited high school is maintained" within the purview of the act of 1917. This board of education does maintain a high school of the requisite dignity —that is not the dispute. It is contended that the act does not intend that territory may be detached from a rural high-school district for the purpose of attaching it to the school territory of a city governed by a board of education; that it only means that it may be thus detached in order that it may be attached to some common-school district (maintaining the prescribed sort of high school) over which the county superintendent has general jurisdiction. This contention is accepted

by the court as correct. The court holds that the county superintendent has no general jurisdiction over school territories governed by boards of education, and the statute does not fairly indicate a legislative intention to extend or enlarge the jurisdiction of the county superintendent over school territories of the latter sort. This being true, the defendants properly declined to act, and the writ must be denied.

DAWSON, J. (concurring specially): The county superintendent is the constitutional head of the county school system, and her duties are whatever the legislature sees fit to impose on her. (Const., art. 6, § 1.) The legislature has imposed many duties on this officer which concern city schools, as well as rural schools, and certainly it could have imposed this duty on the superintendent, whether this statute is so construed or not. (*The State, ex rel., v. Doane,* 98 Kan. 435, 441, 158 Pac. 38.) Moreover, the school territory of a city of the first or second class *is a school district* just as completely and just as precisely as the school territory of a district out in the country. The city corporation and the city school district are distinct and separate legal entities. (*Knowles v. Board of Education,* 33 Kan. 692, 700, 7 Pac. 561; *Ritchie v. Mulvane,* 39 Kan. 241, 254, 17 Pac. 830; *Curtis v. Board of Education,* 43 Kan. 138, 142, 23 Pac. 98; *The State, ex rel., v. Bentley,* 98 Kan. 442, 443, 157 Pac. 1197; *Atchison Board of Education v. DeKay,* 148 U. S. 591, 602, 603.)

Personally I would have preferred to hold that the statute gave the superintendent power, in the exercise of a sound discretion and subject to appellate review by the county commissioners, to transfer rural high-school territory to a city school district, as well as to a country district; for it would seem that the interest of the rural high-school district should be considered. But if the view of the court is correct—and I shall not dissent therefrom—I do not think the plaintiffs need be at all crestfallen about the result of this lawsuit, because the board of education under another valid statute, section 9114 of the General Statutes of 1915, has annexed the school territory on which the plaintiffs reside, for school purposes (*School District v. Board of Education,* 102 Kan. 784, 171 Pac. 1154), and consequently plaintiffs' territory is no longer a part of the rural high-school district. Under that statute (§ 9114) the

sanction of the county superintendent or of the county commissioners to an annexation of territory is unnecessary. Thus all that plaintiffs desire has been already accomplished. In this view of the case, but on no other ground, I concur in this judgment.

Mr. Justice MASON joins in this special concurrence.