No. 22,443.

CHRISTOPHER BUNNING, THOMAS W. SCUDDER and JOHN SUTHERIN, *Appellants*, v. P. P. WOMER et al., as the Board of Washburn Rural High-school District, and KENNETH RAUB, as County Clerk, etc.; *Appellees*.

SYLLABUS BY THE COURT.

CITY SCHOOL DISTRICT — *Annexing Territory from Rural High-school District—Statute*. Under the authority of section 9114 of the General Statutes of 1915, territory may be detached from a rural high-school district and annexed to a city school district.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 5, 1919. Reversed.

*T. F. Garver*, of Topeka, for the appellants.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt*, and *James A. Troutman*, all of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this proceeding, the plaintiffs, who are taxpayers, seek to enjoin the board of the Washburn rural high-school district from making a levy of taxes upon the property of the plaintiffs for school purposes, and to prevent the county clerk from extending such levy upon the tax roll of the county.

It was alleged that the Washburn high-school district was formed so as to include within its boundaries eleven school districts, one of which was school district number 53, which

lies outside of and adjacent to the city of Topeka. About a month after the organization of the high-school district, the board of education of the city of Topeka made an order attaching the territory which constituted school district 53 to the city of Topeka for school purposes. Plaintiffs allege that by this order the territory of school district 53 was detached from the high-school district, and was therefore no longer subject to the jurisdiction of the high-school district board. Notwithstanding this effect, it is alleged that that board is assuming to have jurisdiction of the territory of district 53, and that it will make a levy on the property in the detached territory and cause irreparable injury to the plaintiffs and other taxpayers in the detached territory, unless an injunction is allowed. A demurrer to the petition was sustained, and from that ruling this appeal is taken.

It is contended by plaintiffs that specific authority is granted to cities of the first class to attach adjacent territory for school purposes, whether it is within or without a high-school district. (Gen. Stat. 1915, § 9114.) It is insisted that, so far as a change of boundaries is concerned, the power given to a city to annex is of general application, and that as the act contains no exceptions of territory within high-school districts none can be made by the court. The statutes under which rural high-school districts are organized and governed are Laws of 1915, chapter 311, as amended by chapter 284 of the Laws of 1917. The first of these acts is a substitute for the acts providing for the organization and maintenance of township high schools and differs materially from the latter, as well as from that relating to county high schools. (Laws 1911, ch. 262, Laws 1913, ch. 278.) A rural high-school district is a distinct entity composed of organized school districts, and the latter do not lose their organizations or identity because they may have been incorporated into a high-school district. (*Fisher v. Beck,* 99 Kan. 180, 160 Pac. 1012.) The boundaries of a high-school district are subject to change, as an amendment of the act made in 1917 provides that territory in such a district may be transferred to another rural high-school district or to any school district in which an accredited high school is maintained. (Laws 1917, ch. 284, § 6, Gen. Stat. 1915, § 9354.) The city of Topeka, to which the territory in district 53 has

been attached, maintains an accredited high school. Now the statute giving cities of the first class the right to attach adjacent territory was enacted in 1911, and there is no language in the act which excepts high-school districts from the scope of this power. (Laws 1911, ch. 93, Gen. Stat. 1915, § 9114.) It is true that the rural high-school act is later legislation than the annexation act, and also that it contains no express provision that territory may not be detached from it and added to a city, but it is the view of the court that a rural high-school district has no immunity from general laws regulating our school system. Although the provisions relating to such districts differ slightly from those regulating ordinary school districts as to the course of study, and in a few other matters peculiar to the purposes of the act, the powers of the high-school board are substantially those conferred by law upon school-district boards, and in the main the laws relating to the issuance of school-district bonds for buildings and sites are made applicable to rural high-school districts. Except in a few particulars, these districts are governed by the laws enacted for school districts, and the county superintendent is given the same general supervision over them as he has over school districts. Notwithstanding the statute applicable to school districts does not in terms exclude the territory composing them from annexation to a city, it has been held that territory in these districts may be attached to a city district, even if it should cripple the school district or take from it the revenues necessary to the maintenance of a school. (*School District v. Board of Education,* 16 Kan. 536.) No reason is therefore seen by the court why the statute for the annexation of adjacent territory does not apply as well to rural high-school districts as it does to school districts and to county and township high-school districts. As was said in *School District v. Board of Education,* 102 Kan. 784, 171 Pac. 1154:

"So long as the territory proposed for annexation is an integral tract of land adjacent to the city it may be lawfully annexed, if a majority of the electors of the territory affected so desire, at the option and discretion of the board of education, and with due regard to the welfare of the schools under the board's control." (p. 786.)

Objection is made that the attached territory is not contiguous to the city. It does not adjoin the city the full length of the district, but it does touch for some distance; and, be-

sides, the law requires no more than that the territory shall be adjacent to the city.

There is a contention that, even if the annexation is held to be lawful, it would not operate to detach the territory from the high-school district. It is said that it would affect the status of the territory as a school district, but would not take it out of the rural high-school district. We can hardly attribute to the legislature a purpose that the people of the attached territory should be required to help maintain two high schools, one in the city, and one outside of the city. The city of Topeka has an accredited high school, and adjacent territory when attached is attached for all purposes, and the people living thereon have the right to all the privileges of the city schools, including the benefits of the high school.

It is the conclusion of the court that the annexation by the city effectually detached school district 53 from the rural high-school district, and that the officers of the latter have no further jurisdiction over it. It follows that the judgment must be reversed and the cause remanded with directions to allow the injunction prayed for by plaintiff.

JOHNSTON, C. J. (dissenting): The statute authorizing the creation of rural high-school districts, by which rural pupils are afforded opportunities for higher education, is a later expression of the legislature than the act providing for attaching territory to cities. By the later act, it was intended to give rural pupils the same educational advantages as are afforded in cities. Both are on the same educational plane, and no reason is seen why one should encroach upon the other. There is no more warrant for the city to change the boundaries of a high-school district than there is for the latter to attach territory of the city to the district. Manifestly, the legislature did not contemplate that it was creating an entity that some city council might disintegrate and destroy. It is provided that a rural high-school district shall contain at least sixteen square miles of territory. Can it be that a rural high-school district composed of sixteen square miles, in which bonds have been voted, high-school buildings erected, and a high school instituted, may be disorganized and destroyed at the will of a city council that may desire more taxable property to maintain its schools? The detaching of a section of land from such a dis-

trict would overthrow the organization and, to a great extent, nullify the legislative purpose. In my opinion, the legislature did not intend that rural high schools should be brought within the operation of section 9114 of the General Statutes of 1915, nor give one district authority to annihilate another of equal rank and importance. In the recent case of *Bunning v. Shawnee County,* 104 Kan. 478, 179 Pac. 335, the question of the annexation of district 53 to the city of Topeka was before the court. The plaintiffs had petitioned the county superintendent to detach district 53 from the rural high-school district, in order that it might be attached to the city of Topeka, and, as such action was refused, an application for a mandamus to compel it was made. In deciding the question, it was said:

"The sole question is whether the school territory governed by the board of education of the city of Topeka is 'any school district in which a four-year accredited high school is maintained' within the purview of the act of 1917. This board of education does maintain a high school of the requisite dignity—that is not the dispute. It is contended that the act does not intend that territory may be detached from a rural high-school district for the purpose of attaching it to the school territory of a city governed by a board of education; that it only means that it may be thus detached in order that it may be attached to some common-school district (maintaining the prescribed sort of high school) over which the county superintendent has general jurisdiction. This contention is accepted by the court as correct." (p. 479.)

I am of the opinion that that decision is correct, that no part of the high-school district could be attached to the city, and, hence, I favor the affirmance of the judgment of the district court.

BURCH, J., joins in the dissent.