No. 28,615.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff,* v. THE BOARD OF EDUCATION OF THE CITY OF PITTSBURG et al., *Defendants.*

(278 Pac. 741.)

Opinion filed July 6, 1929.

*William A. Smith,* attorney-general, for the plaintiff; *C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, of counsel.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the defendants.

The opinion of the court was delivered by

HARVEY, J.: This is an original action in quo warranto which questions the authority of the board of education of the city of Pittsburg to annex to its school district certain territory from the school district of the city of Frontenac. It is presented to us on an agreed statement of facts, the material portion of which may be stated as follows: The city of Pittsburg is a city of the first class, with a population of more than 20,000, and the board of education of that city is a body corporate and politic under the laws of the state and is known and designated as school district No. 49 in Crawford county. A mile and a half north of the north city limits of Pittsburg is the south city limits of the city of Frontenac, a city

of the second class, with about 3,000 population. There are two or more cities of the second class in Crawford county. The board of education of the city of Frontenac is a body corporate and politic under the laws of the state and is known and designated as school district No. 47 in Crawford county. A part of the territory north of the city of Pittsburg is in school district 49. A part of it is in school district 47. Each board of education maintains an accredited high school. In September, 1926, a majority of the electors of the territory in question in this case petitioned the board of education of the city of Pittsburg for their territory to be attached to school district 49. The board of education of the city of Pittsburg, on consideration of the petition, made an order attaching the territory in question to school district 49 for school purposes, and notified the county clerk of its action in writing. On the 14th of February, 1927, the board of education of the city of Frontenac passed a resolution and order reattaching this territory to school district 47, and notified the county clerk and county superintendent of that action. About February 6, 1928, another petition, signed by a majority of the electors of the territory in question, was presented to the board of education of the city of Pittsburg asking that the territory be attached to district 49 for school purposes, and the board of education of the city of Pittsburg, having considered the petition, made an order attaching the territory to school district 49, and duly notified the county clerk in writing of its action. Since that time the board of education of the city of Pittsburg has contended that the territory in question is a part of school district 49 and the taxes collected thereon should be paid to such school district. The territory in question does not touch the boundary line of the city of Pittsburg at any point. The closest point the territory comes to the boundary line of the city is about a mile, and the furthest point is two miles. It does, however, touch the boundary line of school district 49, and if and when attached to school district 49 becomes a continuous compact territory with the other territory of such district. The territory in question does, however, touch the boundary line of the city of Frontenac, and all of it is within one and one-half miles of the city limits.

The statutes necessary to be considered are as follows: Section 1, chapter 228, Laws of 1925 (amending R. S. 72-1725):

"That territory outside the city limits of any city of the first class, having a

population of less than 120,000, but adjacent thereto, may be attached to such city for school purposes, upon the application being made to the board of education of such city by a majority of the electors of such adjacent territory. And upon the application being made to the board of education they shall, if they deem it proper and to the best interest of the school of said city and territory seeking to be attached, issue an order attaching such territory to such city for school purposes and to enter the same upon their journal, and such territory shall, from the date of such order, be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation and bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of said city. . . ."

Section 1 of chapter 222 of the Laws of 1925, which reads as follows:

"That territory outside the city limits of any city of the second class, but adjacent to the school district of such city, may be attached to said city for school purposes, upon application to the board of education of such city by a majority of the electors of such adjacent territory: *Provided further,* That territory outside the city limits of any city of the second class in a county in which there are situated two or more cities of the second class, but adjacent to the school district of such city, and within one and one-half miles of said city limits, may be attached to such city for school purposes only, whenever in the judgment of the board of education of such city it will be to the best interests of the schools of said city and said territory. . . ."

And section 1 of chapter 261 of the Laws of 1927 (repealing chapter 222 of the Laws of 1925), by its title relating to schools in cities of the second class, which reads:

"Territory outside the city limits, but adjacent thereto, may be attached to said city for school purposes, upon application to the board of education of said city by a majority of the electors of such adjacent territory; and upon the application being made to the board of education, they shall, if they deem it proper, and to the best interests of the schools of said city and territory seeking to be attached, issue an order attaching such territory to such city for school purposes, and to enter the same upon their journal; and such territory shall from the date of such order be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation, and shall bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of the city. . . ."

It will be noted that the action taken by the board of education of the city of Pittsburg in September, 1926, was under section 1 of chapter 228 of the Laws of 1925; that is, there was a petition signed by a majority of the electors in the territory in question presented

to the board of education praying that the territory be annexed to school district 49 for school purposes. The action of the board of education of the city of Frontenac in February, 1927, was under chapter 222 of the Laws of 1925, which required no petition by electors or other action on their part, since there were two cities of the second class in Crawford county and the territory in question was within a mile and a half of the corporate limits of the city. Hence there was simply a resolution by the board of education of the city of Frontenac taking the territory from school district 49 and adding it to school district 47. In other words, the action was taken without regard to the wishes of the people within the territory. The statute authorizing such a change to be made without a petition signed by a majority of the electors in the territory was repealed in 1927, but since the city of Frontenac has not attempted to act under the statute of 1927 this statute is referred to only as indicating the legislative history and intent. The action of the board of education of the city of Pittsburg on February 6, 1928, was under section 1, chapter 228 of the Laws of 1925, hereinbefore set out.

Turning to the legal questions presented, plaintiff argues, first, that the facts did not exist which gave the board of education of the city of Pittsburg authority to attach the territory in question. The statute (Laws of 1925, ch. 228, § 1) provides that "upon the application being made to the board of education they shall, if they deem it proper and to the best interest of the school of said city and territory seeking to be attached, issue an order attaching such territory to such city for school purposes." The point is made that the order of the board of education of the city of Pittsburg made February 14, 1927, does not specifically find that the board deemed "it proper and to the best interest of the school of said city and territory seeking to be attached." The order recites that it was moved and seconded that the board issue an order to have the described territory annexed to school district 49 for school purposes, and, after describing the territory, continues:

"The above action was taken after consideration of a petition which had been presented with forty-eight signatures, which constitutes a majority of the electors in the adjacent territory described above located north of Pittsburg."

The point sought to be made by plaintiff is quite technical and we do not regard it as having substantial merit. It is confined to the wording, or phraseology, of the order. Under the statute the board

of education could make the order only in the event it deemed it to be to the best interest of the school district and of the territory. The board did make the order after a consideration of the petition presented to it, from which it necessarily follows that the board did deem it to be to the best interest of the school district and the territory. While it might have been better for the order to have been made in the phraseology of the statute, there can be no doubt, from the order made and in view of the statute, that the board did deem it to be to the best interest of the school district and of the territory. The case of *School District v. Board of Education,* 100 Kan. 59, 163 Pac. 800, cited by plaintiff, was a case in which conduct amounting to fraud had been indulged in to secure the signatures on the petition. There is no such situation here, nor intimation of it, hence the case is not in point.

Plaintiff next argues that the board of education of a city of the first class has no authority to take territory outside of the corporate limits of the city for school purposes from territory already attached to a city of the second class for school purposes. It is argued that the legislature did not intend to authorize such action by a city of the first class. There is nothing in the statute from which this conclusion can be reached. If territory be added to the school district of a city of the first class it must of necessity be taken from some other school district, and the statute makes no distinction prohibiting the taking of territory from the school district of a city of the second class. If a city of the second class were so close to a city of the first class that a majority of the electors in the school district of the city of the second class desired to be annexed to a city of the first class for school purposes, there does not appear to be anything in the statute that would prohibit the electors from so petitioning, or that would prohibit the board of education of the city of the first class from acting on such a petition and annexing the entire territory of the city of the second class to the school district of the city of the first class.

Lastly it is argued that the territory in question is not "adjacent" to the city of Pittsburg, but this point lacks merit. Adjacent means "near to," "within the vicinity of," and does not necessarily mean touching or bordering upon. The question has been so thoroughly analyzed in former opinions that it is necessary only to cite them. (*Board of Education v. Jacobus,* 83 Kan. 778, 112 Pac. 612; *Bun-*

*ning v. Rural High-school District,* 105 Kan. 320, 322, 182 Pac. 387; *Martin v. Lown,* 111 Kan. 752, 753, 208 Pac. 565.)

Plaintiff's real contention is that since the territory in question is near the city of Frontenac, and therefore adjacent thereto, it cannot be adjacent to the city of Pittsburg, but no reason suggests itself why a place may not be adjacent to two or more other places. Degrees of adjacency are not dealt with by the statute.

Judgment is entered for defendant.