No. 38,848

STATE OF KANSAS, ex rel., Champ Graham, County Attorney of Lyon County, *Appellee*, v. HAZEL MILLER, County Superintendent of Public Instruction, Lyon County, *Appellee*, JUNE HAMILTON, County Superintendent of Public Instruction, Greenwood County, and ADEL F. THROCKMORTON, State Superintendent of Public Instruction, *Appellants*, and RURAL HIGH SCHOOL DISTRICT No. 8, Lyon County, *Appellee*.

(249 P. 2d 659)

Opinion filed November 8, 1952.

*Alex Hotchkiss,* of Lyndon, argued the cause, and *Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney general, and *David W. Kester,* county attorney of Greenwood county, were with him on the briefs for the appellants.

*Samuel Mellinger,* of Emporia, argued the cause, and *Champ Graham,* county attorney of Lyon county, and *Clarence V. Beck* and *C. Lacy Haynes, Jr.,* both of Emporia, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted by the state of Kansas on the relation of the county attorney of Lyon county to enjoin the state superintendent of public instruction and the county superintendents of Lyon and Greenwood counties from taking any action designed to effectuate a detachment of common school district No. 88 located within rural high school district No. 8 in Lyon county and to make it a part of common school district No. 79, located in Greenwood county, in which latter district an accredited high school is located.

The original defendants were the superintendents of Lyon and Greenwood counties and the state superintendent. Rural high school district No. 8, Lyon county, was later joined as a party defendant.

Plaintiff prevailed and the state superintendent and the county superintendent of Greenwood county have appealed. We shall, therefore, refer to plaintiff, the county superintendent of Lyon county and to rural high school district No. 8, Lyon county, as appellees.

The pertinent stipulated facts, in substance, are:

Common school district No. 88 is one of various common school districts located within rural high school district No. 8 in Lyon county. That common school district maintained an elementary school but at no time had a high school within its boundaries. On September 25, 1951, as provided by law and at a special election called for such purpose, common school district No. 88, Lyon county, voted upon a proposition *to annex* said district to common school district No. 79, Greenwood county. A majority of the votes cast were in favor of such annexation and the proposition was adopted and carried. On October 5, 1951, the school board of common school district No. 79, Greenwood county, by resolution adopted such annexation and on October 9 the county superintendents of Greenwood and Lyon counties, having jurisdiction over such districts, issued an order for such annexation. As a result of the annexation such districts became joint common school district No. 79

of Greenwood and Lyon counties. Exclusive of the territory of common school district No. 88 the area of rural high school district No. 8 is more than sixteen square miles and its valuation is in excess of two and one-half million dollars. Joint common school district No. 79 of Greenwood and Lyon counties and its predecessor, common school district No. 79 of Greenwood county, have been school districts maintaining a four year accredited high school as provided by G. S. 1951 Supp. 72-3549.

On October 19, 1951, a petition was filed with the county superintendents of Lyon and Greenwood counties *to transfer* from rural high school district No. 8, Lyon county, to joint common school district No. 79 of Greenwood and Lyon counties, all of the territory which was formerly common school district No. 88, Lyon county, except a portion thereof not here material which later and on November 15, 1951, was transferred to and became a part of common school district No. 45, Lyon county, by order of the county superintendents of Lyon and Greenwood counties acting jointly. On November 15, 1951, a hearing on the petition for transfer was held by the superintendents of the two counties. Prior to such hearing rural high school district No. 8, Lyon county, filed with the county superintendents of Lyon and Greenwood counties an instrument entitled, "Objection to Petition and Hearing." (These objections were not leveled at the previous *annexation* proceeding. They pertained solely to the pending *transfer proceeding* and will be noted presently.)

The stipulation also contained, in substance, the following:

The matter was taken under advisement and came on for decision on December 6. The county superintendent of Lyon county voted to deny the petition *for transfer* and the county superintendent of Greenwood county voted to allow it. The result was a denial of the relief sought. On December 20 an appeal was filed with the state superintendent of public instruction from the action taken by the county superintendents acting jointly. The state superintendent had requested and received information from the county superintendent of Lyon county concerning the controversy. The state superintendent is required to fix a time and place for hearing such an appeal and is required by law to obtain the attendance of county superintendents at the hearing. They must furnish such documentary information as he may desire for the hearing of an appeal in a transfer proceeding. On January 29, 1952, the instant action was filed

to restrain the state superintendent and county superintendents from acting on such appeal and to enjoin them from taking any steps designed to detach common school district No. 88, Lyon county, from rural high school district No. 8 of Lyon county.

With the foregoing stipulated facts before us we shall consider appellants' contention the district court erred in its order enjoining the pending *transfer proceeding*. That is the sole issue before us. The previous *annexation proceeding* was not enjoined. Appellees do not contend the annexation proceeding was ineffectual to add the annexed territory to common school district No. 79, Greenwood county. In fact one of appellees' objections to the transfer proceeding discloses their theory in the present injunction proceeding is that the annexed territory here involved already had been added to common school district No. 79 by the previous annexation proceeding. They argue, however, the annexation proceeding did not have the legal effect of detaching the annexed territory from rural high school district No. 8, Lyon county, for taxation purposes.

For clarity of issues now before us we probably also should say appellees do not challenge the legal sufficiency of the procedure in the pending transfer proceeding which was enjoined. Their objection to the transfer proceeding was and is that the law makes no provision *for the transfer* of territory so as to relieve the property therein from taxation for the support of rural high school district No. 8, Lyon county, in a situation where such territory previously had been annexed to common school district No. 79, Greenwood county, and therefore the county superintendents of Greenwood and Lyon counties and the state superintendent had no jurisdiction to effect the transfer.

On the other hand appellants contend the *annexation* proceeding alone effected a detachment of the territory from rural high school district No. 8, Lyon county, for all purposes including taxation, citing *Bunning v. Rural High-school District,* 105 Kan. 320, 182 Pac. 387. They further assert if the *annexation* proceeding were insufficient to produce that result it could be fully effectuated by the pending transfer proceeding and that the latter was, therefore, erroneously enjoined.

It is true a divided court in the Bunning case, *supra,* reached the conclusion above stated by appellants. The decision was reached under quite similar facts and on a statute later repealed but containing substantially the provisions of the present annexation statute,

G. S. 1951 Supp. 72-829. The parties disagree relative to the soundness of the majority opinion in the Bunning case. That decision turned solely on the interpretation and application of the old annexation statute. No transfer statute such as is involved in the instant case was there under consideration. Since only the transfer proceeding and not the annexation proceeding has been enjoined in the instant case we shall rest our decision on the stipulated facts and the present law.

Although the annexation proceeding was not enjoined it may be helpful to quote the annexation statute in order to observe the dissimilarity between it and the transfer section of our law. Surely the legislature must have intended each should have a field of operation. Both are the result of 1951 legislative action.

The annexation statute reads:

"A common-school district may be annexed to another common-school district in the manner herein provided. An election shall be held in the district to be annexed for the purpose of voting on a proposition for such annexation, which proposition may provide that such district will assume its proportionate share of the existing bonded indebtedness of the annexing district. The vote at such election shall be by ballot and if the proposition for annexation shall carry, the clerk of the district board shall transmit copies of the proposition and the vote thereon to the clerk of the board of the annexing district and to the county superintendent having jurisdiction over the two districts, or county superintendents, if both districts be not under the jurisdiction of the same county superintendent. Within thirty days after receipt thereof, the board of the annexing district, if it desires to approve such annexation, shall do so by resolution, and the clerk of the board shall transmit copies thereof to the clerk of the board of the other district and to the county superintendent, or superintendents, having jurisdiction over such districts. Within ten days after receipt of such resolution the county superintendent, or superintendents, shall issue an order for such annexation. If the proposition for annexation provided for the assumption by the annexed district of its proportionate share of the existing bonded indebtedness of the annexing district, from and after such annexation, all of the property, both real and personal, within the annexed district shall be subject to taxation, the same as property within the annexing district, for the payment of such existing indebtedness and the interest thereon: Provided, That if any portion of the annexed district be subsequently detached from the annexing district, the property within such detached portion shall not be subject to further taxation for the payment of such indebtedness." (G. S. 1951 Supp. 72-829.)

Our present transfer statute provides:

"Rural high-school districts may be consolidated or annexed in the same manner as provided by law in the case of common-school districts. *Territory of a rural high-school district may be transferred to an adjoining rural high-school or other school district maintaining a four-year accredited high school*

*in the same manner as provided by law for the transfer of territory in common-school districts: Provided,* That no transfer of territory of a rural high-school district shall be made which will result in reducing the area of such rural high-school district to less than sixteen square miles or which will result in reducing the assessed, tangible, taxable valuation of such rural high-school district below two and one-half million dollars without the consent of the board of such rural high-school district." (Our italics.) (G. S. 1951 Supp. 72-3549.)

The procedure for transfer of territory in common school districts is governed by G. S. 1951 Supp. 72-833.

Provision for appeal from orders of a county superintendent or county superintendents to the state superintendent is contained in G. S. 1951 Supp. 72-838. As previously stated the objections of rural high school district No. 8, Lyon county, were to the hearing in the transfer proceeding but were not based on any defect or irregularity in the procedure leading to the transfer hearing. At the time the injunction was granted the transfer proceeding was before the state superintendent on appeal from a divided decision of the two county superintendents.

The state superintendent, when such a case is before him on appeal, is clothed with statutory power to compel county superintendents to furnish such documentary information, maps and charts as he may require for the hearing. The law requires that he shall hear the matter *de novo* and may affirm, reverse, vacate or modify the order appealed from and his decision shall be final. (G. S. 1951 Supp. 72-838.) It, therefore, appears it was the legislative intent the state superintendent should have plenary power and authority to survey the entire field with a view of insuring proper execution of the legislative intent. Surely in the faithful exercise of his duties he, for example, would be concerned with the welfare of rural high school district No. 8, Lyon county, as well as with the welfare of joint common school district No. 79, Greenwood and Lyon counties, which maintained a four year accredited high school. By reason of his statutory responsibilities it would be his duty to make certain that rural high school district No. 8, Lyon county, retained the required square miles of territory and the required taxable property. If the proposed transfer violated any part of such statutory limitations it would be his duty to see that the board of the rural high school district from which the territory was to be detached consented to the transfer before it was ordered. This *is* only one of the numerous questions to which his duties as a final arbiter extend. In the present case it was stipulated the necessary territory and prop-

erty valuation remained in rural high school district No. 8 after a detachment of the territory involved. In the light of these circumstances the consent of the board of rural high school district No. 8 to the transfer was unnecessary. It also may be well to observe the only statutory limitation contained in G. S. 1951 Supp. 72-3549 on the right to transfer the territory involved is that pertaining to area and taxable valuation and, as stated, that limitation is subject to waiver by the rural high school board.

We come now to what appears to be appellees' principal contention. It is that there is no statutory authority for a county superintendent, or for county superintendents jointly, to take any action or for a state superintendent to hear an appeal from a conflicting decision of county superintendents on the question of a transfer of territory from one rural high school district so as to relieve the property therein from taxation to support that rural high school district where, as here, such territory previously has been annexed to another school district. It is true we find no statute which expressly describes that precise situation. We, however, observe the transfer statute, G. S. 1951 Supp. 72-3549, previously quoted, does not exclude that situation from its purview. It provides:

"Territory of a rural high-school district may be transferred to . . . or other school district maintaining a four-year accredited high school in the same manner as provided by law for the transfer of territory in common-school districts. . . ."

The real question, therefore, is not whether the territory in question may be transferred but rather what is the legal effect of such detachment of territory? The question quite naturally intrudes, what is the difference between annexation and transfer of territory under the respective statutes? The statutes do not define the terms. Obviously, however, the legislature in enacting both statutes in the same 1951 session intended each should have some field of operation. It is conceivable the legislature did not intend mere *annexation* of the territory here involved by another common school district should result in a detachment of the property from the rural high school district for taxation and all other purposes. However, as previously indicated, we need not resolve that question here as the *annexation proceeding* was not enjoined.

Assuming, however, as appellees contend, the *annexation proceeding* did not effect a detachment of the property for purposes of taxation by rural high school district No. 8, Lyon county, did such fact

preclude subsequent action under the *transfer section* for the accomplishment of that result? We do not think so. The legislature has full power and authority to permit the transfer of territory under such terms and conditions as it believes will adequately protect the financial status of rural high school districts. On that subject it has declared its policy. It is the *transfer statute* which expressly deals with the retention by a rural high school district of the necessary area and valuation for tax purposes. Barring a failure to comply with legislative requirements we think the transfer statute contemplates a detachment of the annexed territory for all purposes including taxation. The result is the property within the annexed territory may be taxed only for the support of joint common school district No. 79, Greenwood and Lyon counties, in which a four year accredited high school is maintained. The hearing on the validity of the transfer proceeding was pending in accordance with statutory procedure and it should not have been enjoined.

Appellees remind us joint common school district No. 79, Greenwood and Lyon counties, following the completion of the previous annexation proceeding, transferred part of the annexed territory of common school district No. 88, Lyon county, to common school district No. 45, Lyon county, which latter district is within rural high school district No. 8, Lyon county. Appellees inquire what the status is of the territory transferred to common school district No. 45, Lyon county. No judgment was rendered on that subject and it is not pertinent to the present action to enjoin the transfer of the territory heretofore discussed. Obviously the question cannot be determined in the instant appeal.

Additional arguments of the parties touching the contentions previously stated have not been overlooked. Their recitation would not alter the conclusion reached. In view of what has been said we shall not labor them.

The judgment is reversed with directions to permit the state superintendent to proceed with the hearing of the appeal.