No. 43,952

THE BOARD OF EDUCATION OF THE CITY OF HAYSVILLE, of the State of Kansas, *Appellant,* v. THE BOARD OF EDUCATION OF THE CITY OF WICHITA, of the State of Kansas, and W. O. WILLIAMS, County Clerk of Sedgwick County, Kansas, *Appellees.*

(399 P. 2d 539)

Opinion filed March 6, 1965.

*Lester C. Arvin,* of Wichita, argued the cause, and *Kay K. Arvin* and *Rodney H. Busey,* both of Wichita, were with him on the brief for the appellant.

*J. Ashford Manka,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, William I. Robinson, Clifford L. Malone, Mark H. Adams, II, John S. Seeber* and *Philip L. Bowman,* all of Wichita, were with him on the brief for the appellee, The Board of Education of the City of Wichita. *Joe Rolston,* of Wichita, of counsel.

*George D. McCarthy,* of Wichita, was on the brief for the appellee, W. O. Williams.

The opinion of the court was delivered by

SCHROEDER, J.: This is a declaratory judgment action between two school boards to determine whether territory annexed to the City of Wichita should become subject to the jurisdiction of the Board of Education of the City of Wichita.

The question is whether "territory of an adjacent school district" found in the provisions of G. S. 1961 Supp., 72-5316a, *et seq.* (now K. S. A. 72-5316a, *et seq.*) means any and all adjacent school territory without regard to the class of the adjacent school district.

The Board of Education of the City of Haysville (plaintiff-appellant) hereafter referred to as the appellant, administered the public schools for grades one through eight for a defined territory located outside the city limits of Haysville, the same being attached

territory, which is located adjacent to the city limits of Wichita, Kansas, on the south. The public high school grades nine through twelve for pupils residing in the appellant's school district were and are administered by an independent high school district. Such high school district also included three additional common school districts within its territorial boundaries.

For many years the appellant's school district was Common School District No. 187, Sedgwick County, Kansas, and its common school district territory included the City of Haysville and a rural or suburban county area surrounding such city. The City of Haysville is located approximately three miles south of Wichita, Kansas. In 1958 the City of Haysville, by reason of population growth, became classified as a city of the second class. This transition of the City of Haysville from the status of a city of the third class to a city of the second class also effected a change in classification of the common school district. It became a school district of a city of the second class. (G. S. 1961 Supp., 72-1611 and 72-1614 [now K. S. A. 72-1611 and 72-1614].) This transition from a common school district to a school district of a city of the second class did not affect the territorial boundaries of the former common school district and in the transition territory within the City of Haysville formed the basic territory of the school district and all territory of the former common school district outside the city limits of Haysville was "attached to such city for school purposes." (G. S. 1961 Supp., 72-1614 [now K. S. A. 72-1614].) Following this change in the status of the appellant's school district in 1958, the appellant continued to conduct and at the present time conducts public schools only for grades one through eight.

In the early part of 1963 the city limits of Wichita were extended by annexation and a portion of the territory annexed included a part of the attached territory of the appellant's school district. The land or territory annexed to the City of Wichita was adjacent to the city limits of the City of Wichita prior to annexation. The territory annexed to the City of Wichita was situated wholly outside the corporate limits of the City of Haysville, Kansas.

The portion of the adjacent territory of the appellant's school district annexed to the City of Wichita did not contain any school buildings used by the appellant for school purposes.

The Board of Education of the City of Wichita (defendant-appellee) hereafter referred to as the appellee, maintains public schools through the twelfth grade for territory comprising the city

limits of Wichita and "territory attached to such city for school purposes." ( G. S. 1961 Supp., 72-1611 [now K. S. A. 72-1611].)

For school purposes the appellee claims it has a right to that portion of the territory located in the appellant's school district which was annexed by the City of Wichita. It contends the property rights of the appellant and appellee should be determined under 72-5316a, *et seq., supra.*

The appellant contends its district is a second class school district, and that the statutes above referred to are not applicable to its school district; that it is not required to do any of the acts set out in said statutes because it is not an adjacent school district as defined and set out therein.

Thus, the issue presented by this action is whether or not the annexation ordinance adopted by the governing body of the City of Wichita, which extended the city limits of Wichita to include adjacent lands then a part of the attached territory of the appellant school district, effects a transfer of the annexed territory for public school purposes from the appellant's school district to the appellee's school district in accordance with 72-5316a, *et seq., supra.*

The trial court held the phrase "territory of an adjacent school district" as used in 72-5316a, *et seq., supra,* includes the territory annexed from the attached territory of the appellant's school district, and that the rights between the parties are to be determined pursuant to such statutes.

By agreement and stipulation, dated the 28th day of June, 1963, as permitted by 72-5316b (*a*) (now K. S. A. 72-5316b [*a*]), the parties, without waiving their rights in the declaratory judgment proceedings, agreed that the annexation of territory of the appellant's school district into the city limits of Wichita prior to June 30, 1963, be fixed and made "effective . . . for common-school and high-school purposes" as of June 30, 1965.

The legislative direction as to how school districts are affected when cities extend their boundaries into "an adjacent school district" is set out in 72-5316a, *et seq.* Section 72-5316a, *supra,* including preface, reads:

"Rights upon annexation of part of school district territory by extension of city limits. Whenever any city of the first or second class by the extension of its limits shall annex a part of the territory of an adjacent school district, the property rights and claims between the board of education of such city and the board of the adjacent school district shall be adjusted as provided in this act."

It is the contention of the appellant that the legislature did not intend to include second class or first class school districts in the class of school districts referred to in the above statute. Here both the appellant and the appellee are boards of city school districts, the appellant having a school district of the second class, and the appellee having a school district of the first class, as defined by statute. (G. S. 1961 Supp., 72-1611 [now K. S. A. 72-1611].)

The appellant argues that nowhere in the statute does it refer to an adjacent school district as meaning a first or second class school district. The appellant quotes a portion of G. S. 1961 Supp., 72-5316b (a) (now K. S. A. 72-5316b [a]) as follows:

"The annexation of such territory shall not be effective for common-school or high-school purposes until June 30 . . . *Provided, further,* That the board of education of such city and the boards of the adjacent common-school district and the adjacent rural high-school district may by mutual agreement determine and fix any other June 30 as the effective date of such annexation. . . ."

By reason of the foregoing it is argued that adjacent school districts are defined in the statutes as referring to adjacent common and rural high school districts.

The appellant also cites G. S. 1961 Supp., 72-1614 (now K. S. A. 72-1614) which reads in part as follows:

". . . Whenever any city of the third class shall become a city of the second class, the territory of the common-school district in which such city is situated shall be and remain attached to such city for school purposes."

The appellant also cites G. S. 1949, 72-302a (now K. S. A. 72-302a) which reads:

"All school districts, except community high-school districts, rural high-school districts, and schools located in cities of the first and second classes, shall hereafter be known as 'common-school districts.' Whenever in the statutes of this state school districts are referred to generally as such, or by a different term, such term shall be construed to mean common-school district as herein defined except when the context of such statutes clearly otherwise provides."

The appellant concludes the provisions of 72-5316a, *et seq., supra,* refer to school districts generally. Therefore, the term "adjacent school district" should be construed and interpreted to mean common school districts and rural high school districts only.

While the foregoing analysis of the statutes by the appellant makes a good argument, we think such construction is too narrow.

It may be conceded the statutes in question have not been artfully drawn, but it is inconceivable that the legislature intended

the territory of a school district of the city of the first class should be something less than co-extensive with the city boundaries.

By picking and choosing isolated portions of the various statutes the appellant has presented a plausible argument. On the other hand, the appellant's argument is neutralized by the provisions of G. S. 1961 Supp., 72-1611 (now K. S. A. 72-1611) which read in part as follows:

". . . (b) 'city school district.' The territory in any city of the first or second class together with the territory attached to such city for school purposes; (c) 'board.' The board of education of a city of the first or second class. . . ."

The foregoing language seems to be positive in its primary assertion that a city school district includes the territory within the limits of a given city.

We have been cited to no decision of this court construing the statutes in question on the point here presented.

Almost without exception a uniform pattern is indicated by the school laws in the State of Kansas that city school districts include territory which is at least co-extensive with the boundaries of the city. As cities grow by extending their territorial limits, the school laws seem to be designed to provide city school services for the children and families brought into the city. A philosophy has long existed in Kansas that when the city territory grows, the new residents of the city become full-fledged city residents for all governmental functions of the city, including the public schools, fire protection, police protection and other municipal services.

Except for a few words found in 72-5316b (a), supra, upon which the appellant places emphasis (where reference is made to the phrase "boards of the adjacent common-school district and the adjacent rural high-school district") there is no reference in the statutes authorizing an exclusion of the attached territory of the appellant's school district. This phrase upon which the appellant relies does not constitute a direct exclusion, but lends support to the appellant's argument indirectly and by construction only.

In fact, a literal reading of 72-5316a, supra, seems to indicate clearly that the attached territory of the appellant's school district is included within "the territory of an adjacent school district" as used in the statute.

The provisions of 72-5316a, et seq., supra, are primarily designed to cover situations encountered by two school districts whose rights are affected by the annexation of a part of an adjacent school district

territory by a city ordinance enacted to extend the city boundaries. Other school laws enacted by the legislature which are not primarily designed to cope with this problem are not persuasive in construing 72-5316a, *et seq., supra*. In other words, they must yield to the construction of the primary statute dealing with this problem.

It has been held there are no vested rights in the existence of a school district. In *State, ex rel., v. Board of Education*, 173 Kan. 780, 252 P. 2d 859, the court said:

"Plaintiff also appears to argue that one school district is not permitted to attach the territory of another district. This cannot be true. Every foot of territory is within some school district. The result is that attachments of territory to any school district must involve the territory of some existing school district. It is well established by a long line of decisions that there are no vested rights in the existence of a school district and that the legislature has authority to extend or limit its boundaries, consolidate two or more as one, or to abolish a district altogether. (*State, ex rel., v. School District*, 163, Kan. 650, 185 P. 2d 677, and cases therein cited.)" (p. 791.)

While not directly in point, a case involving a tug of war between the neighboring school boards of Pittsburg and Frontenac, respectively cities of the first and second class, over rural territory each sought to have attached to its school district for school purposes is *State, ex rel., v. Board of Education*, 128 Kan. 487, 278 Pac. 741. There the court said:

Plaintiff next argues that the board of education of a city of the first class has no authority to take territory outside of the corporate limits of the city for school purposes from territory already attached to a city of the second class for school purposes. It is argued that the legislature did not intend to authorize such action by a city of the first class. There is nothing in the statute from which this conclusion can be reached. If territory be added to the school district of a city of the first class it must of necessity be taken from some other school district, and the statute makes no distinction prohibiting the taking of territory from the school district of a city of the second class. If a city of the second class were so close to a city of the first class that a majority of the electors in the school district of the city of the second class desired to be annexed to a city of the first class for school purposes, there does not appear to be anything in the statute that would prohibit the electors from so petitioning, or that would prohibit the board of education of the city of the first class from acting on such a petition and annexing the entire territory of the city of the second class to the school district of the city of the first class." (p. 491.)

We hold "territory of an adjacent school district" found in the provisions of 72-5316a, *et seq., supra*, includes the attached territory of the appellant's adjacent school district, even though it is a part of the school district of a city of the second class.

The judgment of the lower court is affirmed.